**Opinion delivered May 8, 1888.**

---

## No. 6225.

### A. P. FREE ET AL. *v.* GEORGE A. SCARBOROUGH.

1. **TAXATION.**—A tax levied at a called session of a county commissioners court, or without the presence of the full membership of that court, is not levied in accordance with law, and county collectors can not seize and sell property to enforce its collection.

APPEAL from Jones. Tried below before the Hon. **J. V.** Cockrell.

Suit brought by appellants against appellee George A. Scarborough, sheriff and tax collector, to restrain him from collecting off of appellants all the county tax for the year 1885, upon various grounds, among which were that the tax was levied at a called session of the commissioners court, and therefore void; that appellants had the valuation of their property raised by the board of equalization without notice to them, and that there was no law authorizing the issuance of court house and jail bonds, or the levy of court house and jail tax. The court found as a fact that the tax was levied at a called term of the commissioners court.

*Jones & Cunningham,* for appellants:  No county tax can be levied except at a regular term of commissioners court, and any levy of any county tax at any called term of said court, or at any other time than a regular term, would be in plain violation of law, and hence null and void.  (Rev. Stats., page 229, art. 1517; Labadie v. Dean, 47 Texas, 90; Mo. Pac. Ry. Co. v. Graves, 2 Texas Ct. App., Civil Cases, page 595, sec. 677; Doss v. Waggoner, 3 Texas, 515; Manuel Harper v. State, 43 Texas, 431; Cooley on Taxation, 2 ed., pages 280, 281, 282; and especially 283; also, 347, 348, 349, and note on page 349; also, note 2, page 285, and notes 1 and 2, page 286; also, page 330, and note 2 on same page, Scott v. Union Co., 63 Iowa, 583; Smith v. Nelson, 57 Miss., 138; Johnson v. Fritchs, 57 Miss., 73; Ins. Co. v. Douglass, 46 New York, 42; Alger v. Carry, 38 Vt., 382; Board v. Supervisors, 51 Miss., 542; Gambol v. Witty, 55 Miss., 26; Wiley v. Flournoy, 30 Ark., 609.)

Injunction lies to restrain void levy in the absence of fraud. (Court v. Conner, 65 Texas, 335; Red v. Johnson, 53 Texas, 284; National Bank v. Rogers, 51 Texas, 606; George v. Dean, 47 Texas, 84; 1 High on Injunction, 2 ed., page 335, secs. 502, 503, 504.)

*B. Frank Brice* and  *C. D. Davis,* for appellee:  A tax levied at a called term of the commissioners court when all the members of said court were present would not be void; the statute as to the time of holding said court is only directory. (Rev. Stats., arts. 1517, 1511; 2 Pas. Dig., arts. 6122, 1247; Trueheart v. Addicks, 2 Texas, 217; McKinney v. O'Conner, 26 Texas, 5; Clegg v. State, 42 Texas, 605; Cooley on Taxation, 2 ed., 289, 290.)

The intention of the Legislature in enacting art. 1517, Revised Statutes, was to have all the members of the commissioners court present at the time of levying the county tax, and that intention will prevail over the strict letter of the statute. (Rev. Stats., art. 3138; Brooks v. Hicks, 20 Texas, 666; Forshey v. Railroad, 16 Texas, 516; Cannon v. Vaughan, 12 Texas, 399; Trueheart v. Addicks, 2 Texas, 217.)

In the absence of any fraud an injunction will not lie to restrain the collection of taxes when the commissioners court were acting under a valid law and confined themselves within its limits as to the rate and the objects of taxation. (High on Injunction, second edition, secs. 484-486, note 3, pp. 487-490.)

WALKER, ASSOCIATE JUSTICE. The only question in this case that can be considered is the power of the county commissioners to levy a tax at a called session of the court.

Citing from a standard author, "taxes are burdens or charges imposed by the Legislature upon persons or property to raise money for public purposes or to accomplish some governmental end. The power to impose taxes is vested in the representatives of the people—in the legislative branch of government." (Burroughs on Taxation, sec. 4, and cases cited.)

The Constitution, article 5, section 18, provides: "The county commissioners  *  *  *  with the county judge as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter provided."

Article 11, section 1: "The several counties of this State are hereby recognized as legal subdivisions of the State."

Section 2: "The construction of jails, court houses and bridges, and the establishment of county poor houses and farms, and the laying out, construction and repairing of county roads shall be provided for by general laws."

Under this power the Legislature (Rev Stats., art. 1514), conferred certain powers and duties upon the county courts. Article 1515 gave the power to levy taxes for county purposes, and in article 1517 imposed limitations as to the mode of imposing taxes, as follows: "No county tax shall be levied except at a regular term of the court, and when all the members of said court are present."

Unquestionably the Legislature had the power to make this

rule. The limitation admits of no construction; the meaning is clear; courts can not alter it or dispense with it. A tax levied at a called session of the court, or without the presence of the full membership, is not levied according to law, and can not authorize the tax collector to seize and sell property to enforce its collection.

As to the tax of sixty-two and a half cents per hundred dollars so levied, the injunction in favor of the appellants should have been granted and perpetuated. (65 Texas, 339 and cases cited.)

The judgment below is reversed, and will be here rendered in accordance with this opinion.

*Reversed and rendered.*