**BROOCKS et al. v. STATE.**

No. 2075.

Court of Civil Appeals of Texas. Beaumont.

June 4, 1931.

Rehearing Denied Sept. 2, 1931.

Zed Bridges, of Center, and John H. Broocks, and M. S. Duffie, both of Beaumont, for appellants.

D. R. Taylor, of Center, and Edward Clark, of San Augustine, for appellees.

WALKER, J.

This suit was instituted by the state of Texas and San Augustine county against John H. Broocks, Ben C. Broocks, Era Cox, Carl C. Cox, Eugenia Osborne, and The First National Bank of Hemphill, to recover taxes, interest, penalties, and costs in the sum of $6,729.73, and to foreclose the tax lien against thirteen separate tracts of land for the years, as shown by exhibits attached to the petition, from 1910 to 1926, inclusive. The petition claimed taxes against each separate tract of land for the gross amount due thereon. Judgment was entered for the gross sum of $5,833.42, but by special findings made a part of the judgment, the court determined the amount of taxes due against each separate tract of land. A personal judgment was entered against the defendants jointly and severally for the full amount of the taxes due with a decree that the land be sold in payment thereof, and if the land should not sell for enough to satisfy the judgment that the balance be made out of other property of the defendants, as in case of ordinary execution; "provided further, that if the said defendants, or either of them, or their attorneys, shall at any time before such sale file with the sheriff or other officer in whose hands this order of sale is placed, a written request that the property therein described be divided and sold in less tracts than the whole, together with the description of such division or subdivisions, as near as may be, to satisfy said taxes," etc. Without naming in the petition any school or road district, and without purporting to sue for any school or road district, plaintiffs alleged that certain taxes were due as "school and road bond tax." The judgment rendered included some indefinite amount as taxes due school and road districts. The answer of the defendants was by general and special demurrers and general denial.

The defendants have perfected their appeal to this court and filed briefs in support of their assignments and propositions. The plaintiffs have filed no briefs, but on the morning of submission filed their motion to dismiss, which we summarily overrule as being without merit. This appeal presents the following propositions:

■ The court did not err in refusing to strike the exhibits from the petition. These exhibits were sufficient, at least, to show an itemized statement of the taxes for each year they were claimed to be delinquent. However, upon another trial, the pleadings referring to these exhibits should be more specific and the exhibits should be directly referred to and adopted as part of the petition, and as explaining its general allegations.

■ The petition was not subject to general demurrer on the ground that San Augustine county was made plaintiff jointly with the state of Texas. The proposition is that since under article 7326, R. S. 1925, tax suits for state and county taxes must be brought in the name of the state, naming San Augustine county as a party plaintiff with the state made the petition subject to general demurrer.

■ This suit was instituted by the state of Texas and county of San Augustine "through its duly elected and acting county attorney." There is no merit in the proposition that the failure to allege that the county attorney was duly qualified rendered the petition subject to general demurrer.

■ However, the petition was subject to the general demurrer wherein appellees sought to recover taxes for school and road districts without naming such school and road districts in the petition and without alleging that the suit was brought for the use and benefit of such school and road districts. Again there was no allegation that the land described in the petition, and which appellees alleged was subject to the tax claimed, was situated in any school or road district. The omission of this allegation rendered the petition subject to general demurrer. Miller v. Crawford Independent School District, 26 Tex. Civ. App. 495, 63 S. W. 894. In the exhibits the numbers of the school and road districts were given but, without an allegation in the petition itself to the effect that the suit was brought for the use of such districts, the exhibits alone were insufficient to state a cause of action.

■■ The petition was not subject to the general demurrer on the ground that a personal judgment was prayed for against each of the defendants. This suit was brought under Article 7326, R. S. 1925, and under that article the State is entitled to a personal judgment against the owner of the land for the full amount of the delinquent taxes. In Harrison v. Orr, 296 S. W. 871, construing

this article, the Commission of Appeals intimated that the failure to render a personal judgment against the defendant would make the judgment interlocutory, and in Broocks v. State. 15 S.W.(2d) 665, speaking for this court, Mr. Chief Justice Hightower said that the failure to render a personal judgment against the defendants rendered the judgment fundamentally erroneous. The logic of these decisions is that a personal judgment should be rendered only against the defendant who owned the land at the time the tax accrued. In view of another trial it should be said that the record in this case does not show which of these defendants owned this land when the tax accrued. Appellants made this point only on oral argument. Upon another trial the personal judgment should be rendered only against such of the defendants as owed the taxes sued for. Of course, it is necessary to allege and prove that the taxes claimed are due against a specific tract of land, and it is also necessary that the tax lien be foreclosed against the land.

█ The petition was not subject to special exception because it failed to give the abstract numbers of the several tracts of land described in the petition. The land was definitely located without this additional description. The other special exceptions presented by the sixth proposition were properly overruled. Thus the petition stated in gross the amount claimed against each tract and referred to the exhibits for an itemized statement of such taxes as they accrued from year to year, together with the interest, penalty, and costs against each tract of land. Because the petition merely alleged the gross amount due against each tract of land for all the years sued for, without embodying in the petition an itemized statement of such taxes as they accrued year by year, it seems to be the contention of appellants that the petition in this respect was not aided by the exhibits. Appellants correctly contend that exhibits attached to pleadings will not relieve the pleader from making the proper allegations, of which the exhibits may be the evidence in whole or in part. Wynne v. Bank, 82 Tex. 378, 17 S. W. 918. But, where a general allegation is made, as was made herein by appellees, the exhibits may be referred to in aid and explanation of such general allegations.

█ Appellants correctly contend, under article 2354, R. S. 1925, that a tax levy can be made by the commissioners' court only at a regular term of the court and when all the members of the court are present. Free v. Scarborough, 70 Tex. 672, 8 S. W. 490. Recognizing the force of this article and not relying upon the statutory presumptions available to it under American Lmbr. Co. v. State (Tex. Civ. App.) 165 S. W. 467, the state offered in evidence for each of the years sued for, except 1910, an order from the minutes of the commissioners' court as follows, except as to the specific year for which the several levies were made:

"August 12, 1929.

"Court convened on the above date at 10 o'clock A. M. with all members present and presiding, to-wit: W. C. Gary, County Judge, J. W. Richey, H. E. Anderson, Y. P. Askew and J. H. Tingle, Commissioners of the different precincts.

"Several Orders omitted.

"Commissioner's Court of San Augustine County, Texas, August 12, 1929.

"On this day came on to be heard the application to have entered in the Minutes of the Court, the order made by this Court Feby. 18th, 1911, levying the various taxes of San Augustine County, Texas, for that year the Court having heard the evidence and it having been conclusively shown to this Court that such order was passed is of the opinion, and so find that the proper order was made on the 18th day of February 1911, levying the various taxes of San Augustine County, Texas, for said year, and ordering the proper officers of said County to assess and collect the same and decreeing said taxes to be legal charges on the property and owners thereof in San Augustine County, Texas, in accordance with the following rates and schedules, to-wit:

"Common County—$.20 on the $100.00 valuation.

"Road and Bridge Special—$.15 on the $100.00 valuation.

"Road and Bridge—$.15 on the $100.00 valuation.

"Jury Fee—$.15 on the $100.00 valuation. That rates to be levied for the several school districts as the County shall be the same as shown by the minutes and orders at the time of declaring the results of the several elections providing for special taxes for the several school districts in the County.

"And it further appearing the said order levying said taxes as aforesaid was not properly entered in the Minutes of this Court it is therefore ordered by this court that the said order of the said court levying said taxes in accordance with the rates and schedules heretofore set out herein be entered on the Minutes now for then.

"On this 12 day of Aug. 1929, it is ordered by the Commissioner's Court of San Augustine County, Texas, all members of the Court being present and voting that said taxes for said County be and the same is now levied against the property of San Augustine, Texas, and the owners thereof as are subject to taxation and that the same be and is just and proper rate to be levied to raise the revenue sufficient to satisfy the obligations of said court and the said districts thereof and the said taxes is made a legal charge on said property and against the owners of same and the assessor is hereby ordered to extend the same on the tax rolls and the tax collector is ordered to collect said taxes and the clerk is

ordered to enter the above order on August 12, 1929, as the date of February 18, 1911.

"W. C. Gary,
"County Judge, San Augustine County, Texas.
"J. W. Richey,
"Commissioner Precinct No. 1.
"H. E. Anderson,
"Commissioner, Precinct No. 2.
"J. H. Tingle,
"Commissioner Precinct No. 4."

The following objections were made against each of these orders:

■ First. Because there is no recitation in the order to the effect that the original order was made at a regular term of the commissioners' court, and that all the members of the commissioners' court were present, and because no evidence aliunde the record was offered on these issues, it is contended that each of the orders was void. There is no merit in this contention. In Anderson v. Parsley (Tex. Civ. App.) 37 S.W.(2d) 358, it was held that all presumptions of law are in favor of the acts of the commissioners' court. Hannon v. Henson, 15 S.W.(2d) 579, 583, is cited in support of the proposition. That case involved the validity of a nunc pro tunc order entered by the probate court. Speaking for the Commission of Appeals in that case, Judge Short said: "Judgment nunc pro tunc presupposes one actually rendered at the proper time, but not entered upon some proper record. * * * The only legitimate function of a nunc pro tunc entry is to evidence correctly upon the records of the court a judgment, decree, or order actually made by it, but which, for some reason, had not been entered upon some record permitted by the law to be entered thereon in proper time; the necessity to do so being to protect some right that has arisen since the judgment was rendered." Discussing the original order as entered nunc pro tunc, Judge Short said that at the time this order was made the court found, as a fact, all the necessary facts prerequisite to its validity. So in the case before us we must presume, in support of the original orders, that the court determined, before making the original orders, that it was acting at a regular term of the court and that all members of the court were present. See, also, Bank v. Eastland County (Tex. Civ. App.) 12 S.W.(2d) 662; Texas & Southwestern Digest, Evidence, ■■■.

■ Second. It is further contended that these orders are not nunc pro tunc orders. This proposition is also overruled.

No contention is made that the orders were improperly made, nor that the court was without jurisdiction to enter the orders. The proposition is merely that, properly construed, the orders are not nunc pro tunc orders but are original orders made in 1929, levying taxes for the years 1911 to 1926, inclusive. While there is some language in the orders to this effect, when they are construed in connection with the preamble preceding them, stating the purpose of passing the orders, the clear intent appears that the commissioners' court intended these orders to be entered nunc pro tunc for the several years involved in this case and not as original orders made in 1929 levying the taxes for the preceding years, which clearly they would have had no authority to do. Castleberry v. Coffee (Tex. Com. App.) 272 S. W. 767.

■ There is no merit in the contention that the delegation of power by the Legislature to the commissioners' court to levy taxes, being the delegation of a legislative function, is unconstitutional.

The entry of the judgment against appellants for taxes for the year 1910 is without support in the evidence. No order was shown, nunc pro tunc or otherwise, to the effect that a levy of taxes was made for the year 1910. Greer v. Howell, 64 Tex. 688. And appellees failed to prove a prima facie case under article 7336, as construed in American Lmbr. Co. v. State, supra.

■ Appellees wholly failed to prove that the property in question had been assessed for taxes. Under article 7336, the introduction of the delinquent tax rolls, properly examined and authenticated, makes a prima facie case of a valid assessment, but the delinquent tax rolls were not introduced in evidence in this case. Appellees only introduced a certificate from the tax collector that certain exhibits, showing an itemized statement of the taxes sued for year by year, were copied from rolls, designated in the certificate as the delinquent rolls. This evidence was insufficient to constitute a prima facie case in appellees' favor. Watkins v. State (Tex. Civ. App.) 61 S. W. 532; Rouse v. State (Tex. Civ. App.) 54 S. W. 32.

■ While the judgment was entered in a gross sum, the court itemized this sum and properly adjudged it against the several tracts of land against which it was properly chargeable. However, error was committed in the order directing the sale of the property. This order should have been worded directing the sale of each specific tract of land for the taxes adjudged against it and only for the taxes adjudged against it. Broocks v. State, supra; Richey v. Moor, 112 Tex. 493, 249 S. W. 172.

By several propositions appellants attack the description of the land as being insufficient. These propositions are summarily overruled. We have carefully examined the descriptions challenged and they are clearly sufficient.

■ The court erred in rendering judgment against a tract of 474⅘ acres for the taxes due against a larger tract of land, of which the 474⅘ acres was only a part.

Construing together article 740 and 2795, R. S. 1925, it is our conclusion that the land within a road district may be sold for the delinquent taxes properly chargeable against such land. It is appellants' proposition that these two articles grant no authority to sell lands in payment of delinquent taxes due a road district. This contention is overruled.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.