## GAMBLE et al. v. BANNEYER.

### No. 10728.

Court of Civil Appeals of Texas. Galveston.

March 16, 1939. .

Rehearing Denied May 11, 1939.

J. E. Price, of Houston, A. R. Rucks and Robt. M. Lyles, both of Angleton, and A. G. McNeese, Jr., of Houston, for appellants.

Jones, Jones & McCollough, Ira P. Jones, Jr., and Byron G. McCollough, all of Houston, for appellee.

GRAVES, Justice.

These respective statements of the parties, complementing each other, reflect what this cause was below, its outcome there, and what it involves on this appeal:

That of appellants:

"Appellants filed this suit against appellee, in trespass to try title, for the recovery of the title and possession of 190 acres of land described in their petition, and anticipating defenses, alleged that defendant asserted title thereto through and under a judgment rendered in favor of the State of Texas against Nellie C. Gamble, one of the plaintiffs herein, and one Alex Sharp, foreclosing the State's lien on the land involved for taxes alleged to have been duly and legally levied and assessed against said land to be due and delinquent, an order of sale issuing from said judgment, the sale of such land pursuant thereto, and a sheriff's deed made pursuant to such sale. Said judgment having been rendered in cause No. 23,049, styled 'The State of Texas v. Nellie C. Gamble, et al.,' on the docket of the District court of Brazoria County, Texas.

"That said judgment was not a final judgment and would not support or authorize an order of sale nor the sale of plaintiffs' land thereunder and was insufficient to divest plaintiffs of the title thereof. or to vest the purchaser at such sale with any title thereto.

"That the judgment in said cause No. 23,049 was void, because:

"(a) It was without support in the pleadings.

"(b) That said suit was, in part at least, an effort to collect money due by a deceased person and subject the estate of such deceased person to foreclosure and sale in satisfaction thereof, and that plaintiffs' petition in said cause did not contain allegations requisite to confer jurisdiction on the court rendering such judgment.

"(c) That such judgment was void for want of necessary and indispensable parties. (That is, the two children of L. P. and Nellie C. Gamble were not parties thereto).

"The parties agreed that Alex Sharp was common source. Plaintiffs introduced a deed from Alex Sharp to L. P. Gamble conveying the land involved; the last will and testament of L. P. Gamble devising the land to the plaintiff, Nellie C. Gamble, for the benefit of herself and the children of L. P. and Nellie C. Gamble; the order of the probate court admitting such will to probate, and evidence showing that plaintiff Nellie C. Gamble was the surviving wife of L. P. Gamble, and that the plaintiffs Luther C. and Mary Gamble were the only children of L. P. and Nellie C. Gamble, showing that plaintiffs, collectively, were the sole devisees under the last will and testament of L. P. Gamble, deceased, and rested their case, save for rebuttal.

"Defendant introduced the judgment in cause No. 23,049, purporting to foreclose the State's lien for taxes on the land in controversy; the order of sale thereunder and the sheriff's return thereon showing that the land in controversy was sold to defendant's deceased devisor at sheriff's sale under such order of sale; the sheriff's deed made pursuant to such sale; a judgment receipt showing compliance with the bid at such sale and several tax receipts.

"At the conclusion of the evidence, both sides moved for an instructed verdict. The court overruled plaintiffs' motion and instructed the jury to find in favor of defendant, and that plaintiffs take nothing by their suit herein.

"The jury returned its verdict in obedience to such instruction and the court rendered judgment accordingly."

That of appellee:

"The nature of the present suit is that of a collateral attack upon the tax-judgment and proceedings in cause No. 23,049, styled The State of Texas v. Nellie C. Gamble, et al., in the district court of Brazoria County, Texas, for the principal reasons:

"(a) The suit, according to the pleadings and the evidence of appellants, seeks only to avoid the effect of said tax-judgment in cause No. 23,049, without seeking to modify, correct, set aside, or vacate, said judgment;

"(b) The present suit does not involve all of the parties to said tax-suit, in that neither The State of Texas (plaintiff in said cause No. 23,049), nor Alex Sharp (lien-holder and one of the defendants in cause No. 23,049), are in any way made parties to this suit, nor is there any pleading or evidence as to the reason for non-joinder of said parties herein.

"Appellants rested their case in the trial court without offering any evidence tending to impugn or question in any way the tax-judgment, or any proceedings thereunder, thus showing that the purpose of the present suit was the recovery of title to real estate, by avoiding the effect of said tax-judgment and the proceedings thereunder by what could not be otherwise classified than as a collateral attack thereon."

■ The trial court's judgment, it is determined, was correct. Appellants are inept in suggesting that they do not assail the validity of the tax judgment that so stood in their way, their whole declared-upon cause of action having been an effort to remove it by showing its invalidity for specifically alleged defects; furthermore, plainly, under the facts above stated, that assault was a collateral one, hence the judgment, as against it, was not only entitled to well-defined presumptions in favor of its validity, but was immune to such attack unless it was absolutely void. 25 Tex.Jur. pars. 250, 251, and cited cases. While so disclaiming any attack at all, appellants yet apparently recognize these rules of law by trying to show the judgment was void.

■ Their further position, that such judgment was void for the want of Luther C. and Mary Gamble, the only children of L. P. and Nellie C. Gamble, as necessary and indispensable parties thereto, was likewise not well taken; this for the reason that the will of L. P. Gamble, in addition to the quoted recitation concerning it from appellants' brief supra, wherein it devised in absolute and fee simple terms the land here involved to Nellie C. Gamble, his wife, "for the benefit of herself and children", did so with this further express provision: "she to have full power and right to make any lawful distribution thereof which she may see proper"; this vested the entire ownership of the land in her, rather than created any express trust in favor of the children, as is appellant's contention. Underhill, Law of Wills, Vol. 2, secs. 796-7; Beckham v. Beckham, Tex.Com.App., 227 S.W. 940; 44 Tex.Jur., "Wills", 827, 828; 42 Tex.Jur., "Trusts", 620.

Mrs. Gamble was personally served with citation in the tax suit, but, as the record discloses, not only failed to appear or answer therein, or to redeem the property within the time allowed by law, or to take any other steps looking toward the invalidation thereof, until the filing of this trespass to try title suit for the same land it had to do with, which was not done until over four years after the sheriff's deed to the appellee—emanating from that tax judgment—had been placed of record.

Neither was the tax judgment void on its face for any of the other assigned reasons; appellants' leading authorities, if not indeed all they relied upon in that connection, were instances of direct attacks upon the judgments involved by parties thereto—wholly contra to the situation here presented—such as Broocks v. State, two cases, Tex.Civ.App., 15 S.W.2d 665, and 41 S.W.2d 714, 716, respectively; Coleman v. Crowdus, Tex.Civ.App., 178 S.W. 585, writ of error refused.

■ In any event, however, this cause is distinguishable on its facts from any of those just referred to, in that this judgment did dispose of the issue as to personal liability of the defendants therein, thereby freeing it of the vice held to have inhered in those under review in the two Broocks cases; this is made manifest by resume of its essential provisions and recitals, as follows: "The names of the parties, plaintiff and defendant; the finding as to appearance and answer of one of the defendants, Alex A. Sharp, by his attorney, and that defendant, Nellie C. Gamble, wife of L. P. Gamble, deceased, though duly cited to appear and answer plaintiff's first amended original petition, had wholly made default; finding that the cause of action asserted by

plaintiff 'is liquidated, and that the law and facts are with the plaintiff'; 'and it further appearing to the court that there is now due and owing to plaintiff, The State of Texas, for taxes duly laid, levied, assessed, returned, and reported delinquent, the following sum or sums of money with interest thereon at the rate of 6% per annum from this date'; finding and adjudicating the precise amount of the taxes due to be the sum of $1816.52; finding next that said amount of taxes, with interest, penalties, and costs were secured by a tax-lien in favor of the plaintiff against the particular property involved in this suit and fully described in said judgment."

Then these recitals:

"And it is therefore, ordered, adjudged and decreed by the Court *that the plaintiff, the State of Texas, do have and recover judgment* in the respective amounts and sums of money as hereinabove set opposite to each and every particular tract of land hereinabove described, representing the amount of taxes, interest and penalties and costs, with interest thereon at the rate of six per centum (6%) per annum from this date until paid and for all costs of this suit as same shall be proportioned against each and all of the above described tracts of land. It is further ordered, adjudged and decreed that each of said respective tracts or parcels of the land hereinabove described is subject to and charged with the State's lien to secure the payment of the amount of the taxes, interest, penalties and costs with interest thereon at the rate of six per centum (6%) per annum from this date until paid in the amounts as hereinabove set opposite the particular tract or parcel of land, and for all costs of this suit as same shall be apportioned against each and all of said above described tracts or parcels of land, and the tax lien securing the payment or payments of the amounts hereinabove set out, be and the same is hereby foreclosed on each of the said respective tracts or parcels of land hereinabove described *as against said defendants, Nellie C. Gamble wife of L. P. Gamble, deceased, and Alex A. Sharp,* and all right, title, interest liens and claims of every kind and character of each and all of said defendants, Nellie C. Gamble, wife of L. P. Gamble, Deceased, and Alex A. Sharp, and all parties owning or having or claiming any interest in and to each of the above described tracts or parcels of land, and each of said above described tracts or

parcels of land are hereby ordered, adjudged and decreed to be sold separately to satisfy said amount or amounts, sum or sums of money hereinabove set opposite same and found to be due and owing to *The State of Texas* as hereinabove found by the Court.

"And it is further ordered, adjudged, and decreed by the Court *that upon failure of any or all of the parties hereto to pay this judgment,* interest and costs adjudged against said respective tracts of land, an Order of Sale be issued by the Clerk of this Court," etc.

It seems clear that this judgment did meet the requirements of R.S. Art. 7326 and of the holdings of our Supreme Court construing it; that it did either expressly or by necessary implication ascertain the facts appropriate to the proceeding and pronounce the legal consequences thereof. McKenzie v. Withers, 109 Tex. 255, 206 S.W. 503; 3 Tex.Jur. 120; 25 Tex.Jur. 459; Austin v. Conaway, Tex.Civ.App., 283 S.W. 189; Whisenant v. Cole, Tex. Civ.App., 285 S.W. 835.

Without further discussion, an affirmance will be ordered.

Affirmed.