

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN

XXXXXXXXXXSON
ATTORNEY GENERAL

Honorable O. Kennedy
County Attorney, Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-1477

Re: Can Commissioners Court levy a tax rate without full membership being present, and could the Court legally meet outside of the county?

We acknowledge receipt of your request for an opinion, wherein you ask two questions relative to the levying of county taxes by the Commissioners Court of Bee County.

These questions are:

1. Can the Commissioners Court levy a tax without full membership being present?

2. Can the Court meet outside of Bee County?

Article 2354, Vernon's Annotated Civil Statutes, provides that no county tax shall be levied except at a <u>regular term</u> of the court, and when <u>all members</u> thereof are present.

It is our opinion that this provision is mandatory and that a levy of a county tax without all members of the court being present is void. Free et al vs. Scarborough, 8 S.W. 490, and Broocks et al vs. State, 41 S.W. (2d) 714.

Article I, Section 13 of the Constitution of Texas provides that all courts shall be open. It is our opinion that when the people of Texas adopted the Constitution, they were demanding that the courts remain open at all times in order that the public might be heard on all questions affecting their property. It therefore became the duty of the Legislature to pass Article 2348, Vernon's Annotated Civil Statutes, in order that the public would know when and where the Commissioners Court would meet. Article 2348, Vernon's Annotated Civil Statutes, provides when the <u>regular term</u> of the Commissioners Court shall meet, and that the meeting shall be at the courthouse.

We have been unable to find any decisions from this jurisdiction directly in point; but in the case of Tarrant County et al vs. Smith et al, 81 S.W. (2d) 537, Justice Lattimore said:

"They (the commissioners) meet as a court and transact business in open session. Such requirement is not formal. It is substantial, both that the members may have the benefit of the knowledge and opinions of the others, as well as that the public may know when and where its affairs are being transacted."

The State of Nebraska has a statute very similar to ours as regards the meeting of county commissioners, and in the case of Merrick County vs. Batty, 4 N.W. 959, the court held that the county commissioners must transact county business at the county seat and that they are without authority to transact business at any other place; that if they transact any county business at any place other than the county seat, their actions thereon are void.

It is, therefore, our opinion that the County Commissioners of Bee County cannot levy a county tax without all of the members of the Court being present, and that the County Commissioners Court cannot convene outside of Bee County for the purpose of levying such a tax.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Richard H. Cocke
Richard H. Cocke
Assistant

RHC:pbp:wc


APPROVED SEP 30, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By_s/BWB_Chairman