

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~GROVER SELLERS~~
ATTORNEY GENERAL

Honorable E. G. Pharr
County Attorney
Delta County
Cooper, Texas

Dear Sir:                          Opinion No. O-2726
                                   Re: Levy of taxes by the commission-
                                       ers' court.

     Your recent telegram requesting an opinion of this
Department on the questions as are herein stated has been
received.

     We quote from your telegram as follows:

> "Delta County has not as yet made a tax levy
> and county judge refuses to attend regular meeting
> of commissioners' court to consider matter of levy-
> ing taxes. If the county judge does not attend may
> four commissioners levy the tax in his absence? If
> not, what steps are necessary to make the levy legal?"

     In Texas Jurisprudence, Volume 11, page 559, it is
stated that:

> "In order that valid action may be taken by
> county commissioners, they must first be organized
> as a court. Any three members of the commissioners'
> court, including the county judge, constitute a
> quorum for the transaction of any business except
> that of levying a county tax. . . . . ."

     Article 2342, Vernon's Annotated Civil Statutes, pro-
vides:

> "The several commissioners, together with the
> county judge, shall compose a commissioners' court,
> and the county judge, when present, shall be the
> presiding officer of said court."

     Articles 2343 and 2354, Vernon's Annotated Civil Statu-
tes, read as follows:

Article 2343. "Any three members of said court, including the county judge, shall constitute a quorum for the transaction of any business except that of levying a county tax."

Article 2354. "No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

In the case of Brooks v. State, 41 S.W. (2d) 714, 719, it is said that "the commissioners' court may levy taxes only at a regular term with all members present."

The Supreme Court of Texas in construing Article 1517 (which is now Article 2354, supra) said:

"Article 1515 gave the power to levy taxes for county purposes, and Article 1517 imposed limitations as to the mode of imposing taxes as follows: 'No county tax shall be levied except at a regular term of the court, and when all the members of said court are present.' Unquestionably, the Legislature had the power to make this rule. The limitation admits of no construction. The meaning is clear; courts can not alter it or dispense with it. (Free et al v. Scarborough, 8 S.W. 490)."

In answer to your first question you are respectfully advised that it is the opinion of this Department that where the county judge fails or refuses to attend a regular meeting of the commissioners' court, the four commissioners are not authorized to levy a county tax in his absence.

With reference to your second question, we do not know of any procedure which would make the levy legal except a full compliance with Article 2354, supra.

Article 397 of Vernon's Penal Code reads as follows:

"Should any member of the commissioners' court of any county wilfully fail or refuse to attend any regular meeting or term of said court at which the business or question of levying a county tax for any purpose is to be acted on, he shall be fined not less than $200.00 nor more than $500.00."

In view of Article 397, supra, we are of the opinion that where the county judge or any other member of the commissioners' court wilfully fails or refuses to attend any regular meeting or term of said court at which the business or

question of levying a county tax for any purpose is to be acted on, he should be prosecuted under said Article.

We quote from Texas Jurisprudence, Volume 28, page 564, as follows:

"A writ of mandamus lies against a public officer to compel the performance of a ministerial duty imposed by law not involving an exercise of judgment of discretion which he has failed or refused to perform.

"Thus, a writ will issue in a proper case, to compel the performance of ministerial duties by executive officers of the state, other then the Governor; and by officers of counties, cities, and school districts; as well as by a court, judges and judicial officers. . . The trend of modern decisions is toward a liberal construction of the rules by which mandamus may issue to compel performance by public officials of duties prescribed by statute. Thus, when a judge or other officer by his construction of the law, deprives a citizen of an unquestioned legal right and there is no right to appeal nor other adequate remedy, a court having power to issue mandamus may review the matter. . . . . . ."

It is our further opinion that the county judge may be compelled by mandamus to attend a regular meeting of the commissioners' court at which the business or question of levying a county tax for any purpose is to be acted on.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:BBB:wc

By s/Ardell Williams
Ardell Williams
Assistant

APPROVED SEP 12, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman