## HAMILTON et ux. v. CRAIG et ux.
### No. 3088.

Court of Civil Appeals of Texas. Waco.

April 23, 1953.

Jimmy R. Morris, Kenneth Douglas, Johnny M. Chirafis, Corsicana, for appellants.

Kennedy & Granberry, Crockett, for appellees.

HALE, Justice.

This is a child custody case. Appellants, formerly husband and wife, are the natural parents and appellees, husband and wife, are the adoptive parents of the two children involved. On June 23, 1951, the District Court of Anderson County, having properly acquired jurisdiction to do so, rendered a divorce decree dissolving the bonds of matrimony theretofore existing between appellants, terminating their parental rights in their two children and awarding the custody of the children to appellees. On September 15, 1951, the District Court of Houston County rendered a decree granting appellees leave to adopt the children and changing their names from Hamilton to Craig. Thereafter, appellants were remarried and on June 16, 1952, they instituted the present proceeding by filing in the District Court of Houston County their petition for a writ of habeas corpus directed to appellees commanding them to produce the children, praying that the prior decrees of divorce and adoption be set aside and that the custody of the children be awarded to them. Upon a nonjury trial judgment was rendered denying appellants any relief and remanding the custody of the children to appellees.

Appellants filed their brief in the cause on November 21, 1952 and appellees filed their brief on December 5, 1952. Thereafter, on March 28, 1953, appellees filed their motion to dismiss the appeal on the ground that the District Court of Anderson County had rendered a second decree of divorce on February 25, 1953, dissolving the bonds of matrimony existing between appellants after their remarriage and that on February 26, 1953, the mother of the children in controversy became married to Rufus Parker. Duly certified copies of this second decree of divorce and marriage record are attached to the motion. This motion has been carried along with the appealed case which is now under submission in this court on the record and written briefs of the respective parties.

Appellants predicate their appeal upon five points of error as follows: the trial court erred (1) in not declaring the adoption null and void because "parental rights" cannot be taken from natural parents in a suit for divorce; (2) in not declaring the divorce decree void because the decree recites that the trial judge made an independent investigation of the matters before the court; (3) in sustaining appellees' objections as to what the evidence was in the divorce case; (4) in finding that there had been no change of conditions since the divorce decree which would warrant a change in the custody of the children; and (5) the trial court erred in the divorce suit by basing its decree in part on testimony not presented to the court under oath. From the record before us we cannot say reversible error is disclosed under any of the foregoing points.

It is readily apparent that points 1, 2, 3 and 5, above, involve a collateral attack in this proceeding upon the validity of the divorce and adoption decrees which were rendered on June 23rd and September 15th, respectively, of 1951. If either of these decrees was void, as distinguished from being voidable only, it could have been collaterally attacked in this proceeding, although in that event there would have been no necessity to set either decree aside because a void judgment, in so far as it purports to be the pronouncement of a court, is not only invalid but is an absolute nullity and is in contemplation of law no judgment at all. T. J. Vol. 25, p. 692, Sec. 254 and authorities. But if such decrees, or any part of either of them, were merely voidable or erroneous, as distinguished from being absolutely void, the same were not subject to a collateral attack. Sutherland v. DeLeon, 1 Tex. 250; Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Gamble v. Banneyer, Tex.Civ.App., 127 S.W.2d 955, pts. 1 and 2; Childers v. Johnson, Tex.Civ. App., 143 S.W.2d 123. In our opinion, neither decree was void, even if that portion of the divorce decree which terminated the

502

parental rights of appellants over their children could be regarded as erroneous or voidable, and consequently appellants were in no position to question the validity of either decree or any part thereof in this proceeding. Askew v. Rountree, Tex.Civ. App., 120 S.W.2d 117, (er. dis.); Walton v. Stinson, Tex.Civ.App., 140 S.W.2d 497 (er. ref.); Clark v. Puls, Tex.Civ.App., 192 S. W.2d 905 (er. ref. n.r.e.).

■ Furthermore, even though that part of the divorce decree which terminated the parental rights of appellants over their children and the adoption decree each be regarded as an absolute nullity, the trial court was not necessarily required to restore the custody of the children in controversy to appellants merely because they had remarried if, under the evidence adduced upon the trial, the court was warranted in finding as a fact that the best interest of the minor children would be served by leaving their custody with appellees. The court made such finding and we think it was amply sustained by the evidence.

We doubt whether the facts disclosed in the motion of appellees to dismiss this appeal are sufficient to require a dismissal. However, such facts undoubtedly demonstrate the wisdom, foresight and justice of the action of the trial court in refusing appellants the relief sought by them herein. Had the court below set aside the prior decrees of divorce and adoption and awarded the custody of the children to appellants, the District Court of Anderson County would have had to dispose of the custody of the children again when on February 25, 1953 appellants were divorced for the second time. To permit these children to be thus bounced about and tossed to and fro like a football would certainly not be to their best interest.

Therefore, the motion of appellees to dismiss the appeal is overruled, but all of appellants' points of error are also overruled and the judgment here appealed from is in all things affirmed.

TIREY, J., took no part in the consideration or disposition of this case.