

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**
July 27, 1953

This Opinion
Overrules Opinion
# C-489
Where conflict

Hon. Archie S. McDonald
County Attorney
Moore County
Dumas, Texas

Dear Mr. McDonald:

Opinion No. S-74

Re: Ability of the county to
make a valid tax levy when
one county commissioner is
absent because he is in the
armed forces.

You have requested the opinion of this office concerning the validity of a tax levy by Commissioners' Court while one Commissioner is absent because of his induction into the active military service of the United States, and as to the validity of paying his salary during his absence.

You have advised us that the Commissioner in question was inducted into a reserve component of the Armed Forces, as distinguished from a regular component.

Article 2343, Vernon's Civil Statutes, states that:

"Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax." (Emphasis supplied)

Article 2354, Vernon's Civil Statutes, provides:

"No county tax shall be levied except at a regular term of the court, and when all members of said court are present." (Emphasis supplied)

Of like purport is Article 7045, Vernon's Civil Statutes. These provisions are mandatory that all members of the Commissioners' Court must attend the regular session of the court in which any county tax is levied.

Free v. Scarborough, 70 Tex. 672, 8 S.W. 490 (1888);
Broocks v. State, 41 S.W.2d 714 (Tex.Civ.App. 1931);
Att'y Gen. Op. O-1477 (1939); Att'y Gen. Op. O-4335
(1942).

Section 40 of Article XVI of the Constitution
of Texas provides that one holding a civil office of
emolument under the State of Texas does not vacate the
office by becoming a member of a reserve unit of the
United States Armed Forces. Cramer v. Sheppard, 140 Tex.
271, 167 S.W.2d 147 (1943); Carpenter v. Sheppard, 135
Tex. 413, 145 S.W.2d 562 (1940), writ of certiorari
denied 312 U.S. 697, 61 S.Ct. 734, 85 L.Ed. 1132 (1941);
Hamilton v. King, 206 S.W. 953 (Tex.Civ.App. 1918); Att'y
Gen.Op. O-6245 (1944); Att'y Gen. Op. O-6418 (1945).

> "To our minds, it is illogical to con-
> tend that the construction we have given
> these constitutional provisions would make
> it impossible for a county commissioners'
> court to fix tax rates, if a member thereof
> should be absent for the same reason Judge
> Dixon was absent, because Article 7045 of
> our Civil Statutes requires all members of
> such courts to be present when county tax
> rates are fixed. Certainly a statute cannot
> override the Constitution. Where the Consti-
> tution permits a member to be absent, a
> statute cannot require him to be present.
> It follows that in such instance Article
> 7045, supra, cannot be applied as to the
> member absent by constitutional authority."
> Cramer v. Sheppard, supra, p. 155.

Since Section 40 of Article XVI of the Texas
Constitution permits a member of commissioners' court to
be a member of a reserve unit of the United States armed
forces simultaneously, and his presence is required under
federal law outside the limits of his county, then the
provisions of Articles 2343, 2354 and 7045, V.C.S., can-
not require him to be present at a session of the court
in which a county tax is levied, and these statutory re-
quirements therefore do not apply as to the member absent
by constitutional authority. Cramer v. Sheppard, supra.
Insofar as Att'y Gen. Op. O-4349 (1942) conflicts with
the holding herein it is expressly overruled.

Even though he is absent from the county in military service the commissioner is entitled to his salary. Salary and emoluments are incident to the title to the office and not to its occupation or the performance of official duties. Markwell v. Galveston, 186 S.W.2d 273 (Tex.Civ.App. 1945, error ref.); Att'y Gen. Op. O-6245, supra.

## SUMMARY

Articles 2343, 2354 and 7045, V.C.S., do not require a commissioner to be present at a term of commissioners' court at which a county tax is levied if the Texas Constitution and federal law permits his absence in military service in a reserve component. During his absence he is entitled to the salary of his office.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:am

JOHN BEN SHEPPERD
Attorney General

By Billy C Lee
Billy E. Lee
Assistant