

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 11, 1964

Honorable James E. Barlow　　　Opinion No. C-291
Criminal District Attorney
Bexar County Courthouse　　　　Re: What procedure is to be fol-
San Antonio, Texas　　　　　　　　lowed in setting the county
　　　　　　　　　　　　　　　　　　　tax rate in Bexar County when
　　　　　　　　　　　　　　　　　　　the County Judge is incapaci-
　　　　　　　　　　　　　　　　　　　tated and unable to attend the
　　　　　　　　　　　　　　　　　　　regular session of the Commis-
Dear Mr. Barlow:　　　　　　　　　sioners Court.

　　　　　You have requested an official opinion from this office
in regard to the question of:

　　　　　"When a county judge or other member of the
　　commissioners Court of a county is unable to
　　attend the regular sessions of commissioners court
　　due to illness for the purpose of setting the
　　county tax rate, may the court meet in his hospi-
　　tal room or is there some process by which a tem-
　　porary judge or commissioner may be appointed in
　　his stead?"

　　　　　In connection with your question of whether the Commis-
sioners Court could meet in the hospital room of an ill Commis-
sioner or County Judge, the provisions of Article 2348, Vernon's
Civil Statutes, provides in part that:

　　　　　"The regular terms of the Commissioners Court
　　shall be commenced and be held at the courthouse.
　　. . ." (Emphasis added).

　　　　　In addition, Article I, Section 13, of the Constitution
of Texas provides in part that:

　　　　　". . . All courts shall be open, . . ."

　　　　　Attorney General's Opinion No. 0-1477 (1939), states
that:

　　　　　"Article I, Section 13 of the Constitution of
　　Texas provides that all courts shall be open. It
　　is our opinion that when the people of Texas adopted
　　the Constitution, they were demanding that the

-1392-

> courts remain open at all times in order that the
> public might be heard on all questions affecting
> their property. It therefore became the duty of
> the Legislature to pass Article 2348, Vernon's
> Annotated Civil Statutes, in order that the public
> would know when and where the Commissioners Court
> would meet. Article 2348, Vernon's Annotated
> Civil Statutes, provides when the regular term of
> the Commissioners Court shall meet, and that the
> meeting shall be at the courthouse."

In Tarrant County v. Smith (Tex.Civ.App. 1935, error
ref.), 81 S.W.2d 537, the Court stated that the Commissioners
Court:

> ". . . meet as a court and transact the
> county business in open session. Such require-
> ment is not formal. It is substantial, both that
> the members may have the benefit of the knowledge
> and opinions of the other members, as well as that
> the public may know when and where its affairs are
> being transacted. . . ." (Emphasis added).

See also, Swain v. Montgomery, (Tex.Civ.App. 1941, error ref.
w.o.m.), 154 S.W.2d 695.

In view of the foregoing, we are of the opinion that
for the Commissioners Court, during its regular term, to hold
its meetings, or a portion thereof, in the hospital room of an
ill Commissioner or County Judge would not comply with the pro-
visions of Article 2348, and would, in fact, be in violation
thereof. In addition, we are of the opinion that a meeting of
the Commissioners Court in the hospital room of an ill Commis-
sioner or County Judge would not meet the requirements of Arti-
cle I, Section 13, of the Constitution of Texas that all courts
shall be open.

Before passing upon the question of whether a tempor-
ary County Judge may be appointed to act for the ill County
Judge at the upcoming regular term of the Commissioners Court
at which the county tax will be levied, the provisions of certain
statutes should be noted. Article 2354, Vernon's Civil Statutes,
provides that:

> "No county tax shall be levied except at a
> regular term of the court, and when all members of
> said court are present." (Emphasis added).

In the case of <u>Free v. Scarborough</u>, 70 Tex. 672, 8 S.W. 490 (1888) the Court in construing Article 1517, such statute containing the identical language  found in the present Article 2354, stated:

". . . Unquestionably, the legislature had the power to make this rule.  The limitation admits of no construction.  The meaning is clear; courts cannot alter it or dispense with it.  A tax levied at a called session of the court, <u>or without the presence of the full membership</u>, is not levied according to law. . . ."   (Emphasis added).

See also, <u>Broocks v. State</u> (Tex.Civ.App. 1931), 41 S.W.2d 714; Attorney General's Opinion No. 0-5374 (1943); Attorney General's Opinion No. 0-1477 (1940); and Attorney General's Opinion No. 0-2726 (1940).

As to your question of whether there is some process by which a temporary County Judge may be appointed to act in behalf of an ill Commissioner or County Judge, Attorney General's Opinion No. 0-5374 (1943) dealt with this question in connection with a County Judge who had been temporarily incapacitated by illness. This opinion discussed the various constitutional and statutory provisions dealing with the selection, election or appointment of Special County Judges, but concluded that:

"As heretofore stated the selection or appointment of a special county judge is proper only upon the conditions specified in the Constitution and statutes.  <u>We fail to find any statute authorizing the election or appointment of a special county judge to preside over or act as a member of the commissioners' court</u>.  Therefore, it is our opinion, that no special county judge can be elected or appointed to perform such duties."   (Emphasis added).

It has been suggested, in connection with the holding in Attorney General's Opinion No. 0-5374 (1943), that the enactment of Article 1970-301f, Vernon's Civil Statutes, in 1963, which created the County Civil Court at Law of Bexar County, provides the statutory authority for the Judge of the County Civil Court at Law of Bexar County to attend the meetings of the Commissioners Court of Bexar County in place of the County Judge, upon the certification by the County Judge that he is unable to attend such meeting (pursuant to the provisions of Section 15 of Article 1970-301f). Section 15 of Article 1970-301f provides that:

"The Judge of the County Civil Court at Law of Bexar County, Texas, upon proper certification of the County Judge of Bexar County, Texas, because of conflicting duties, <u>or absence or inability to act</u>, or upon the failure or refusal of such County Judge to act for any reason or cause, shall also be authorized and empowered to act for and in the place and stead of said County Judge in any probate proceeding or matter, <u>and may also perform for the County Judge of Bexar County, Texas, any and all other ministerial acts required by the laws of this State of said County Judge of Bexar County, Texas</u>, and upon any such certification, the Judge of said County Civil Court at Law of Bexar County, Texas, shall give preference and priority to all such actions, matters and proceedings so certified, and any and all such acts thus performed by the Judge of said County Civil Court at Law of Bexar County, Texas, shall be valid and binding upon all parties to such actions, matters, and proceedings the same as if performed by the County Judge of Bexar County, Texas. . . ." (Emphasis added).

Insofar as Section 15 of Article 1970-301f appears to authorize the Judge of the County Civil Court at Law of Bexar County to perform any and all <u>ministerial acts</u> of the County Judge of Bexar County, Attorney General's Opinion No. 0-2726 (1940) dealt with a situation where the County Judge refused to attend a meeting of the Commissioners Court to consider levying taxes. In such opinion it was held that the County Judge could be prosecuted pursuant to the provisions of Article 397, Vernon's Penal Code,[1] or could be compelled by mandamus to attend a regular meeting of the Commissioners Court at which the business or question of levying a county tax was to be acted upon. The basis for the holding in the opinion, that a writ of mandamus could issue against the

---

1/ Article 397, Vernon's Penal Code, provides that:

"Should any member of the commissioners court of any county willfully fail or refuse to attend any regular meeting or term of said court at which the business or question of levying a county tax for any purpose is to be acted on, he shall be fined not less than two hundred nor more than five hundred dollars."

County Judge, was that a writ of mandamus would lie against a public officer to compel the performance of a ministerial duty imposed by law and not involving an exercise of judgment or discretion which such public officer has failed or refused to perform.

While the foregoing lends itself to the conclusion that the attendance of the County Judge at a meeting of the Commissioners Court at which a county tax is to be levied is merely ministerial, and while the provisions of Section 15 of Article 1970-301f authorize the Judge of the County Civil Court at Law of Bexar County to perform any and all ministerial acts of the County Judge of Bexar County upon certain specified conditions, it does not necessarily follow that the requirements of Article 2354, that all members of the Commissioners Court must be present when the county tax is levied, have been met if the Judge of the County Civil Court at Law of Bexar County merely attends the meeting of the Commissioners Court, at which the county tax is levied, for the County Judge of Bexar County.

Article V, Section 18, of the Constitution of Texas provides in part that:

"... The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court. ..." (Emphasis added).

The foregoing constitutional provision clearly designates who shall constitute the membership of the Commissioners Court. No provision contained therein allows or provides for the County Judge's membership on such court to be delegated to another party. The Constitution having prescribed the membership of the Commissioners Court, it follows that no legislative act contrary thereto can stand. 12 Tex.Jur.2d, Constitutional Law, Section 30. Such being the case, the provisions of Article 2354 that:

"No county tax shall be levied except at a regular term of court, and when all members of said court are present." (Emphasis added),

have not been complied with unless the County Judge is present at the meeting of the Commissioners Court when the county tax is levied. It is therefore our opinion that the requirements of Article 2354 could not be met by the Judge of the County Civil Court at Law of Bexar County, pursuant to Section 12 of Article 1970-301f, attending the meeting of the Commissioners Court, at which the county tax is levied, in place of the County Judge of Bexar County.

The question has also been posed as to whether an arrangement whereby an ill County Judge could be transported by ambulance to the basement area of the County Courthouse, at which place the remaining members of the Commissioners Court, along with the County Judge, would meet to levy the county tax, would comply with the requirements of Article 2348, Article 2354, and Article I, Section 13, of the Constitution of Texas.

We find no statutory or constitutional provision making it mandatory that the meeting of the Commissioners Court, at which the county tax is levied, be held entirely at the same location within the Courthouse, or that the individual members of the Commissioners Court attend the entire meeting, but all of such members must be present when the vote is taken levying the county tax in order to comply with the provisions of Article 2354.

As to the question of whether such an arrangement complies with Section 13 of Article I of the Constitution of Texas, we are of the opinion that if the basement area where the meeting is to be held is open to the public at the time of such meeting, and the public is aware of where such meeting is being conducted, the constitutional requirements have been met.

## SUMMARY

The meeting of the Commissioners Court at which the county tax is levied can not be held in the hospital room of an ill County Judge or Commissioner.

The Judge of the County Civil Court at Law of Bexar County, acting pursuant to Section 15 of Article 1970-301f, can not meet the requirements set forth in Article 2354 by meeting with the Commissioners Court in place of the County Judge of Bexar County at the meeting where the county tax is levied.

An arrangement whereby the meeting of the Commissioners Court, at which the county tax is levied, is held in the basement area of the County Courthouse, with all members of the Commissioners Court present, complies with the provisions of Article 2348 and Article 2354. Such arrangement would also comply with the provisions of Section 13 of Article I of the Constitution of Texas, if such meeting area is open to the

public and the public is aware of where such meeting is being conducted.

Yours very truly,

WAGGONER CARR
Attorney General

By Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
George Gray
Hawthorne Phillips
John Reeves
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL

BY: Stanton Stone