CITY OF SAN ANTONIO V. UDO TOEPPERWEIN.

No. 2115.   Decided January 18, 1911.

**1.—Homestead—Lien—Taxes—Penalty.**

The homestead is subject to the lien for and may be sold to satisfy not only the taxes assessed against it, but the penalties for nonpayment thereof imposed by law.   (Pp. 44, 45.)

**2.—Same—Constitution Construed.**

Construing article 8, section 15, of the State Constitution, in connection with article 16, section 50, the specific provisions of the former are held to prevail over the general ones of the latter, and the other liens on the homestead pronounced invalid by the latter are limited to those created by the owners, and do not embrace liens for taxes.   (Pp. 44, 45.)

**3.—Tax Lien—Purchaser—Personal Liability.**

Where the purchaser, by the terms of his contract, buys land subject to existing tax liens, he does not thereby become liable to a personal judgment for the taxes due.   (P. 46.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The city sued Toepperwein and had personal judgment and foreclosure of its lien for taxes on real property purchased by him.  Defendant appealed and the Court of Civil Appeals modified and affirmed the judgment.  The city thereupon obtained a writ of error.

*Joseph Ryan,* for plaintiff in error.—The taxes on the property in controversy were a debt for which a personal judgment could be recovered, and Toepperwein having agreed to pay the same, and been the owner of said property when the suit was filed—a personal judgment was properly rendered against him.   City of San Antonio v. Berry, 92 Texas, 328; Turner v. City of Houston, 21 Texas Civ. App., 217; City of Henrietta v. Eustis, 87 Texas, 18.

The penalty for nonpayment of a tax attaches to and becomes a part of the tax, and is enforcible against a homestead.  State v. Fulmore, 71 S. W., 418; Western U. Tel. Co. v. Indiana, 165 U. S., 304; 2 Desty on Taxation, p. 764; 27 Am. and Eng. Ency. Law (2d ed.), 598; City of San Antonio v. Berry, 92 Texas, 327; Bean v. Brownwood, 43 S. W., 1042; League v. Texas, 184 U. S., 160; League v. The State, 93 Texas, 558, 56 S. W., 262; Galveston & W. Ry. Co. v. City of Galveston, 96 Texas 520.

*Camp & Camp,* for defendant in error.—A man is not personally liable for taxes accrued on property before he became the owner of it. City of San Antonio v. Berry, 92 Texas, 319; City of Marlin v. Green, 72 S. W., 704.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This suit was instituted by the city of San Antonio against the defendant in error to recover the amount of a judgment which was rendered in favor of the said city October 3, 1904, against Maria de los Santos Gonzales and her husband, Florentio Gonzales, for the sum of

$3,203.09 with interest at six percent and for cost and foreclosure of tax lien, which judgment was unpaid. Maria Gonzales died August 2d, 1906. On December 1st, 1904, she, with her husband, conveyed the lot upon which the judgment lien existed to Hortense Nicklis, who, joined by her husband, on the 16th day of July, 1907, conveyed the lot to Udo Toepperwein, subject to the lien of the said judgment and to the lien of all taxes which had accrued thereon. Taxes were unpaid to the city for the years 1903, 1904, 1905 and 1906, amounting to the sum of $509.54 with interest at six percent. A penalty of ten percent for each year in which the taxes were assessed had also accrued and was due upon the said property to the city at the time the judgment in this case was rendered. The case was tried without a jury and the court gave a personal judgment against the defendant Toepperwein for the amount of the judgment rendered against Gonzales and wife, also for the taxes for the years 1903, 1904, 1905 and 1906 with interest at six percent and also a penalty of ten percent on the amount of taxes due for each year with foreclosure of the liens on the lot, except that the court refused to foreclose the lien for the penalty upon the taxes due for the years 1903 and 1904, because the property was the homestead of Gonzales and wife during those years, therefore, the penalty could not be enforced against the property.

From this judgment Toepperwein appealed and the Court of Civil Appeals modified the judgment so that it should not operate as a personal judgment against Toepperwein, that is, that if the property failed to pay the debt, Toepperwein should not be held responsible for the deficiency.

Section 15 of article VIII of the Constitution of this State reads as follows: "The annual assessment made upon landed property shall be a special lien thereon, and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

The plain and unmistakable meaning of the language quoted subjects all landed property in this State to sale for assessment of taxes lawfully made thereon and for all penalties provided by law which may accrue on account of delinquencies in the payment of such taxes. "All landed property" is a comprehensive phrase and the Constitution makes no distinction as to the use which may be made of it; the language comprehends all lands whether it be a homestead or not. We presume that it would not be contended that section 15, article VIII would not be sufficient to make the homestead liable for the penalties if the Constitution did not contain section 50, article XVI. What is the correct construction of the two sections? Article XVI, section 50, contains these provisions:

"The homestead of a family shall be and is hereby protected from forced sale, for the payment of all debts, except for the purchase money thereof, or a part of such purchase money, the taxes due thereon . . . No mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements

made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone or together with his wife; . . . ."

The language used in the first part of this section does not in any manner conflict with, restrict or qualify the terms of section 15, article VIII, previously quoted. The only part of the last quoted section which could possibly be construed to affect this question is the phrase, "or other lien." When these words are considered in connection with that which precedes and that which follows, it is plain that "other liens," as there used, mean such liens as might be created by contract by the husband and wife, and can not properly be construed to include liens not so expressed. The provision in the first clause of section 50, article XVI, in its terms, relates to debts which may be contracted by the parties except as regards the taxes, and does not have the effect to annul section 15 of article VIII. Section 50 of article XVI is perhaps broad enough to include penalties, but that is a general provision, while section 15, article VIII, is addressed particularly to the enforcement of tax assessments and the two provisions must be construed so as to give effect to both and if in conflict the special provision must prevail. Erwin v. Blanks, 60 Texas, 583; Warren v. Shuman, 5 Texas, 441; Lufkin v. Galveston, 63 Texas, 437.

In Erwin v. Blanks, supra, the court said:

"The provisions of our State Constitution, as well as those of the Revised Statutes, are somewhat in conflict upon this subject. By the eighth section of the fifth article of the Constitution, jurisdiction is given to the District Courts of all suits for trial of right to property levied upon by virtue of any writ of execution, sequestration or attachment, when the property levied on shall be equal to or exceed in value $500. This clause considered by itself clearly gives to the District Court jurisdiction of just such a suit as the one under consideration. But it is said that this grant of jurisdiction is controlled by the sixteenth section of the same article, which provides as follows: 'That the County Court shall have exclusive jurisdiction in all civil cases where the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest.' This provision is of a general character, and includes within its terms as well suits for the trial of right to property as any others of a civil nature. Standing alone it would give exclusive jurisdiction of suits like the present, where the value of the property levied on did not exceed $500, to the County Courts. In such a state of conflict the rules of construction require that the general shall yield to the special provision; i. e., that the one which, in the present case, regulates the special subject of trials of the right of property shall prevail over that which regulates a larger class in which such suits are embraced."

We therefore conclude that the provisions of section 50 of article XVI do not limit the operation of section 15 of article VIII and that the homestead is liable, not only for the taxes which are assessed upon it, but also for the penalties which the law prescribes in case of failure to make payment of such taxes. The District Court and the Court of Civil Appeals erred in holding that the lots sought to be subjected were not liable to sale for the penalties and we hold that the city of San

Antonio was entitled to enforce its lien against the said lots for the penalties as well as for the taxes.

The city of San Antonio complains of the finding of the Court of Civil Appeals to the effect that Toepperwein was not personally liable for the taxes and penalties adjudged against the land because he assumed the payment of those sums as a part of the purchase price of the lots. It was a question of fact before the Court of Civil Appeals whether Toepperwein assumed the payment of the amounts claimed and they found that he was liable only under the terms of the writing relied upon and that his evidence before the court only intended to state the facts as contained in the said writing—that finding is conclusive upon this court. Looking to the writing relied upon we find that the terms used there are that Toepperwein purchased the property subject to the taxes, etc. The purchaser of property encumbered, with notice, always buys it subject to a previous valid lien, but he does not, although he may express the effect of his purchase in terms by saying that he purchased it subject to the lien, become personally liable for the debt. Garza v. Hamon, 39 S. W., 616.

The judgments of the District Court and Court of Civil Appeals will be reversed and judgment rendered in this court in accordance with this opinion.

*Reversed and rendered.*