## LEACH v. CITY OF ORANGE.

### No. 2195.

Court of Civil Appeals of Texas. Beaumont.

Feb. 18, 1932.

James A. Harrison and Thos. J. Baten, both of Beaumont, for appellant.

O. L. Baker, of Orange, for appellee.

WALKER, J.

Appellant, E. D. Leach, as administrator of the estate of J. V. Leach, deceased, filed his original petition in this cause on the 13th day of April, 1929, praying for judgment against the city of Orange in the sum of $20,000 as damages under a contract J. V. Leach, deceased, had with the city of Orange for the collection of delinquent city taxes. Appellee filed its original answer and cross-action on the 26th day of April, 1929, pleading certain defenses not necessary to name, and by way of cross-action sought to recover against the estate of the deceased $5,639.73 delinquent taxes charged by it against certain property belonging to the estate of the deceased. On the 26th of April, 1929, citation duly issued against E. D. Leach, administrator, on appellee's cross-action, commanding him to appear at the next regular term of the district court of Orange county on the fifth Monday in April, 1929, the same being the 29th day of April, 1929. The sheriff's return shows that this citation was served on appellant on the 29th day of April, 1929, at 4 o'clock p. m. No subsequent citation was issued against appellant on appellee's cross-action, nor was any additional service had on him, nor did he at any time after filing his original petition and prior to the entry of judgment make his appearance in this case in any way or for any purpose. On the 16th of October, 1929, appellee filed its first amended original answer against appellant praying

for a judgment for delinquent taxes in the sum named in the original cross-action of $5,-639.73. But, as just stated, no citation issued on this amended cross-action, and appellant made no appearance in the case after the filing of his original petition. On the 2d day of June, 1931, on the first day of that term of court, this case was called for trial, whereupon appellee had appellant's suit dismissed for want of prosecution, and either on that day or the succeeding day after the introduction of certain evidence on the status of appellant's claim against it and of its claim for delinquent taxes took judgment against appellant in his official capacity for the sum of $4,319.-25, being all the taxes sued for for the years 1920 to 1928, inclusive, except 1925, less certain credits allowed appellant as compensation for the services rendered by deceased, J. V. Leach, in connection with his contract for collecting delinquent taxes. The appeal was duly prosecuted from the order of the court overruling appellant's motion for a new trial.

### Opinion.

■ A citation served on the return day or subsequent to the return day is void and insufficient to compel the defendant in the citation, upon whom it was served, to file an answer in response to its command, and will not support a default judgment. In Harrison v. Whiteley (Tex. Com. App.) 6 S.W.(2d) 89, 90, citation issued on April 7, 1922, commanding the defendant to appear at the next regular term of court which convened on May 1, 1922. This citation was served on the defendant May 1, 1922, at 8:45 a. m. Determining the legal effect of this citation, the Commission of Appeals said: "The citation (issued April 17, 1922) was functus officio when service was attempted. Article 2036, R. S. 1925. In consequence, its issuance and service did not confer jurisdiction over Crane, Sr." Numerous authorities were cited in support of this proposition.

So, in this case, as the citation served on appellant was insufficient to require him to answer, and as he never made an appearance in the case after filing his original petition, the judgment by default against him must be reversed. In Early v. Cornelius, 39 S.W.(2d) 6, the Commission of Appeals held that the plaintiff, though charged with notice of all the defensive pleadings, was entitled to notice of interventions and cross-actions seeking affirmative relief against him. In that case the failure of the plaintiff to make an appearance in the case after the cross-action was filed was fully discussed.

■ The court also erred in not setting aside the order dismissing appellant's suit against appellee. The following summary of the facts sustaining this conclusion are taken from appellant's brief:

"This motion for a new trial was duly sworn to by James A. Harrison and Thomas J. Baten, attorneys for the plaintiff, and it is shown therein that the plaintiff's suit was improperly dismissed for lack of prosecution and should be reinstated.

"* * * It was shown in said motion that this suit was filed on April 13th, 1929, and defendant's cross action filed April 26, 1929, and that during the space intervening between the filing of the suit and the order dismissing same, a period of two years and one month and eighteen days, there had been no apparent effort to have a trial of the case. That Dies, Stephenson & Dies were the attorneys for the plaintiff when said suit was filed and until shortly before said order of dismissal and that shortly before said dismissal said attorneys withdrew from the case, that plaintiff then promptly employed other attorneys (Thomas J. Baten and James A. Harrison) and that these lawyers went to Orange and made a proposition of settlement with the Mayor and other officials of the City of Orange on the amount which the books of the City of Orange showed to be due the estate of J. V. Leach, to-wit, $1,428.00, that the said Mayor and other officials so consulted stated that the proposal of settlement looked fair enough but that they would not want to finally act on the matter until their action had the approval of Mr. Baker, the City Attorney. It appeared further in said motion that this case was not set for trial in the regular setting of cases on said District Court docket and that plaintiff's said attorneys understood that only such cases would be tried as were set by the Court or by agreement of counsel and they expected in the event a settlement was not reached to have the case set and tried at the term of the Court it was dismissed. In this connection it is shown further in said motion that the City of Orange owed the estate of J. V. Leach the sum of $1,428.00 and that this amount showed on their books to be due said estate. It is further shown in said motion that under the plain terms and provisions of the written contract for the collection of taxes by the said J. V. Leach and the City of Orange that Leach was entitled to have and receive twenty five per cent of all taxes paid and collected that were delinquent for the year 1925 and subsequent years as provided in said contract and that about $60,000.00 of such delinquent taxes was collected for the year 1925 and that the City of Orange had not paid to said Leach anything out of the taxes so collected for the year 1925, and it affirmatively appears from said motions and pleadings in the case that if said order of dismissal was not set aside and plaintiff should be required to file a new and independent suit on the same cause of action that such cause of action would be barred by the four year statute of limitation. The allegations in said motion duly sworn to as to the dismissal of

said suit, etc., was not controverted by the defendant, City of Orange, and no evidence was offered by the City of Orange on hearing of motion for new trial."

The record shows that appellee took judgment against appellant, in his representative capacity, for taxes that accrued before J. V. Leach became the owner of the land charged with the taxes, without alleging or proving that he assumed the delinquent taxes sued for. This was error. The estate of the deceased, on this showing, was chargeable only with the taxes that accrued while J. V. Leach owned the land. City of San Antonio v. Toepperwein, 104 Tex. 43; 133 S. W. 416; Broocks v. State (Tex. Civ. App.) 41 S.W.(2d) 714.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.