## UNION INDEMNITY CO. v. FOLEY.

### No. 12837.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1933.

Rehearing Denied June 17, 1933.

Kilgore & Rogers, of Wichita Falls, for plaintiff in error.

E. W. Napier, of Wichita Falls, for defendant in error.

LATTIMORE, Justice.

A railroad company was levelling a tract of land on which to build a railroad yard. Appellee had a contract to take dirt from an excavator and haul it to the lower portions of the tract and there spread and level it. The hauling was done by trucks. Three men were assigned to each truck, a driver and two helpers. Also graders and shovels were used in spreading the soil after it was dumped by the trucks.

Appellant issued a policy of workmen's compensation insurance upon the employees of appellee, and sues here for the premiums therefor, claiming that the men above referred to, or at least to the extent that it was agreed by the parties that same were truckmen, should be classified under Code No. 7219, Manual of Rates: "Truckmen (N O C) payroll to include drivers, chauffeurs and their helpers, stablemen, garagemen, blacksmiths, repairmen and riggers, excluding only clerical office and storage warehouse employees. (Truckmen engaged in hauling under contract, whether for one or more individuals or concerns, shall under no circumstances be classified and rated except in accordance with this classification) Rate $6.38 per $100.00."

While appellee contended that the classification should be Code No. 6041: "Grading Land—not canal or cellar excavation, quarrying, railroad or street or road constructions, including drivers, chauffeurs and their helpers. Rate $2.01 per $100.00."

No other issue was made by the pleadings.

We believe the trial court correctly held that No. 6041 applied. Drivers and chauffeurs are directly included in each, but an examination of the two sections reveals that No. 7219 deals generally with all truckmen in whatever kind of employment, while No. 6041 deals specifically with drivers and chauffeurs in the work of grading land. These men were grading land. Following the familiar rule of construction that legislation prescribing a specific provision applying to a specific condition will prevail over and control other conflicting clauses containing general terms which are broad enough to include this specific condition along with many other different conditions, City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S. W. 416, the judgment of the trial court is affirmed.