## TATE v. McGRAW.
### No. 11251.

Court of Civil Appeals of Texas. Dallas.
July 16, 1934.

For former opinion, see 70 S.W.(2d) 467.

Hamp P. Abney and N. B. Birge, both of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

LOONEY, Justice.

In our original opinion, there appears the following language, to wit: "Appellant's homestead was ordered sold, in fact was sold by the sheriff under an order of sale, to satisfy, not only the taxes due thereon, but poll taxes as well, besides the penalty imposed by statute for delinquency and costs of suit. As the items named, other than taxes due upon the homestead, constituted no lien, it follows that the attempted foreclosure as to these was without jurisdiction and that the order of sale and the sheriff's deed thereunder, were void and passed no title." We now think there was error in saying that the judgment and proceedings thereunder were void, because of the attempted foreclosure of a lien upon the homestead for the accrued penalties. In that respect, the opinion is in conflict with the decision of the Supreme Court, in City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S. W. 416; in fact, is in conflict with section 15 of article 8 of the Constitution, which imposes a special lien on all landed property (including the homestead), for the amount of taxes due and penalties imposed for delinquencies.

We therefore modify the opinion, reported in 70 S.W.(2d) 467, so as to harmonize our position with that of the Supreme Court, but the judgment, heretofore rendered, is not disturbed, or in any sense modified.