

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 24, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1010.

Re: Several questions regard-
ing the gross receipts tax
liability of carriers whose
intangible taxes are delin-
quent.

Dear Mr. Calvert:

You submit for the opinion of this office several ques-
tions, the pertinent portions of which we quote below:

"I wish to call your attention to H.B. No. 8, Acts
47th Legislature, Articles 13 and 14, with respect to
the motor bus and common carrier truck lines. Arti-
cle 13 amends Chapter 4, Title 122, Article 7105, cov-
ering the tax on Intangible assets. Article 14 becomes
a part of the Gross Receipts Law and places a 2.2%
tax on the receipts of motor bus, common carrier and
contract carriers as defined in Chapter 277, Acts 47th
Legislature. Article 7116 V.A.C.S. 1925, contains an
exemption from the payment of Gross Receipts Tax,
should they pay in full and within the year for which
the Intangible Tax may be assessed . . .

"Each of the several counties in this State file
annual lists of insolvent and delinquent tax payers at
June 30th of the succeeding year. We check these in-
solvent lists with our County Certificates, to deter-
mine those that failed to pay this tax. We then proceed
to mail the taxpayer a notice calling his attention to
the delinquent taxes in the various counties, with cop-
ies to the county tax collectors. At this time we are in
the process of checking the 1948 lists that became de-
linquent in 1949.

"In view of the facts as set out above, certain
questions have arisen and we request a ruling on those
submitted herewith:

"(1) Is the taxpayer due the Gross Receipts Tax
on his operations as a specialized, common, or motor
bus company should he become delinquent on his Intan-
gible Taxes for any year? If the taxpayer fails to pay

his Intangible Tax for any given year and becomes liable for the tax on the gross receipts, then the Gross Receipts Tax becomes due for what period of time?

"(2) The taxpayer may travel through four or more counties, and each of them receive a portion of his Intangible assessment. He may pay in one, two or even three counties, but omit one or more of them. Does the exemption, contained in Art. 7116, apply to those that only pay a part of their total assessment, letting one or more counties become delinquent?

"(3) The tax collector may have accepted payment and issued Insolvent Tax Receipts after June 30th. And should you rule that the taxpayers are due the Gross Receipts Tax because of failure to pay the Intangible Ad Valorem Taxes, should the taxpayer be allowed credit for Intangible Taxes so paid against the Gross Receipts Taxes?

"(4) Should you rule that the Gross Receipts Law becomes operative on these delinquent taxpayers, can the county officials proceed to collect the Ad Valorem Taxes: In your Opinion No. 05770, copy of which is attached, you ruled that,

" 'Until the carrier operating under the certificate of convenience and necessity as a Specialized Carrier becomes subject to liability for Intangible Assets Tax, it cannot avail itself of the exemption from Gross Receipts Tax as is contained in Article 7066(A) VRCS.'

"This question involves those that have been subject to a liability for Intangible Assets Tax and have neglected to pay this tax within the year in which it was assessed."

Our answers to your questions will be more easily understood if we first state some rules of law applicable to taxation of intangible assets as provided in Articles 7105-16, V.C.S. This is an ad valorem tax assessed upon an annual basis, and January 1st is a specific date upon which the status and value of the property shall be fixed and determined. In this regard the same rule applies to intangible taxes as to ad valorem taxes on tangible property. Texas Consolidated Transportation Co. v. State, 210 S.W.2d 891 (Tex. Civ. App. 1948, error ref.).

We assume for the purpose of this opinion that full taxable years are involved in all your questions. A taxpayer may be

Hon. Robert S. Calvert, Page 3 (V-1010)

subject to both a tax upon intangible assets as provided in Articles 7105-16, V.C.S. (the intangible tax statute) and a gross receipts tax as provided in Article 7066b, V.C.S., at the same time and for the same year. But the Legislature has provided that under certain circumstances a taxpayer who is subject to both taxes may be relieved of liability for gross receipts taxes upon certain conditions. These conditions are set out in Article 7116, V.C.S., which provides:

> "Whenever any individual, company, corporation or association, embraced within the eighth article of this chapter, shall pay in full, and within the year for which same may be assessed, all its State and county taxes for that year upon all its intangible properties as determined, fixed and assessed under the provisions of this chapter, such individual, company, corporation or association shall thereby be relieved from liability for and from payment of any and all occupation taxes measured by gross receipts for or accruing during that year under any law of this State; but no such individual, company, corporation or association shall be entitled to any such exemption, except for the year for which it shall, before same shall become delinquent, pay all its aforesaid intangible State and county taxes for that year."

Therefore, in answer to your first question, you are advised that if a taxpayer fails to pay his intangible tax for any given year but permits the same to become delinquent, the gross receipts tax is due for the full corresponding year.

In answer to your second question, you are advised that a taxpayer may not avail himself of the exemption contained in Article 7116, V.C.S., unless he pays all his intangible taxes in all the counties to which they are apportioned, and before they become delinquent. The statute provides, "pay all its aforesaid intangible State and county taxes for that year," and this means all the taxes assessed which have been apportioned to all the counties as provided in Article 7113, V.C.S. That is the meaning of the statute, and is in effect the holding of Texas Consolidated Transportation Co. v. State, supra. This decision states "that relief from liability for the gross receipts tax is absolutely conditioned upon payment of an intangible assets tax for the year during which such relief is sought."

In answer to your third question, you are advised that, as previously stated, a taxpayer may become subject to both an intangible tax and a gross receipts tax by his failure to avail himself of the provisions of Article 7116, supra. In such case both become fixed liabilities of the taxpayer. The intangible tax becomes fixed

**194**

Hon. Robert S. Calvert, Page 4 (V-1010)

by reason of the fact that he was subject to it on January 1st for which proper assessment and legal levy is made, and his liability for the gross receipts tax becomes fixed by his failure to avail himself of the exemption provided in Article 7116, supra, in the time and manner therein provided.

True it is that Article 7066b, V.C.S. (the gross receipts tax) contains the following provision:

"Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act."

However, in the case of Consolidated Transportation Co. v. State, supra, in construing these two statutes, the court said:

"Both of these statutes were a part of the same legislative enactment. Acts 1941, 47th Leg., p. 269, ch. 184.

"Art. 7116, V.A.C.S., is contained in Chapter 4, Title 122, of the Revised Civil Statutes of 1925, . . .

"This Article is not in any manner repealed by the legislative act of 1941. In fact it is carried forward and became a part of the new law by specific reference. Nor is there any repugnancy or inconsistency between art. 7116 and the concluding sentence of Sec. (a), art. 7066b, supra. These statutes should, therefore, be construed together. When this is done, the legislative intent plainly appears (1) that a taxpayer subject to both an intangible assets tax and a gross receipts tax should not necessarily be required to pay both at the same time or for the same period, but (2) that relief from liability for the gross receipts tax is absolutely conditioned upon payment of an intangible assets tax for the year during which such relief is sought."

As stated in the Consolidated case, "a taxpayer subject to both an intangible assets tax and a gross receipts tax should not necessarily be required to pay both at the same time or for the same period." But in that case the court was not dealing with a situation where the liability for both taxes had become fixed by reason of the taxpayer's failure to avail himself of the exemption contained in Article 7116. It was dealing with a situation where the taxpayer could not in any event be subject to the intangible tax for the year involved for the simple reason that he did not fall within the class required under the law to pay an intangible tax until after January 1, and hence

in no event could the taxpayer be subject under the law to pay an intangible tax for that year. Therefore the taxpayer in that case was subject to the gross receipts tax for the remaining portion of the year after he fell into the classification of those required to pay the tax. Construing these two exemption statutes together, Article 7116 is a further limitation upon Article 7066b (the gross receipts statute) with the result as follows:

> "Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act."

> " . . . but no such individual, company, corporation or association shall be entitled to any such exemption, except for the year for which it shall, before same shall become delinquent, pay all its aforesaid intangible State and county taxes for that year."

Turning to your fourth question, if a taxpayer has become liable for both intangible and gross receipts tax upon the conditions we point out above, then clearly the Tax Collector would have no authority to allow credit against the gross receipts tax for the amount paid for delinquent intangible taxes. This would have the effect of forgiving a tax liability which had become fixed, and this is forbidden by Section 10 of Article VIII of the Constitution, which provides:

> "The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State and county purposes, unless in case of great public calamity in any such county, city or town, and such release may be made by a vote of two-thirds of each house of the Legislature."

Not even the Legislature has this power, and certainly the Tax Collector does not have it. The same would also violate Section 55 of Article III of the Constitution which provides:

> "The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this State, or to any county or other municipal corporation therein."

In answer to your question No. 4, you are advised that if a taxpayer becomes subject to both intangible and gross receipts taxes under the circumstances we have discussed above, the

tax collector is not only authorized but it is his duty to collect the ad valorem taxes on the taxpayer's intangible assets assessed by virtue of Articles 7105-16, V.C.S.

You submit a supplemental request as follows:

"Supplementing our request of September 19, 1949, I wish to submit additional questions on delinquent Intangible Taxes and/or Gross Receipts Taxes.

"(a) A man sells his bus certificates to a larger line during 1947 and did not pay his 1946 taxes on intangible assets or on his gross receipts.

"(b) A man sells his equipment, shops and terminals during February 1945 and leases his certificates to a corporation who continues the same business. The lease is for ten years, but within a year or two the corporation buys his certificates and lease contract. The lease contract provides that the corporation will not be liable for, nor do they assume any obligations then existing against the individual. The individual does not pay the tax on intangible assets during the period of the lease, nor does the corporation pay on either of the taxes on intangible assets, or gross receipts.

"The question arises: do we look to the present owners of these properties, since the intangible assets and/or gross receipts taxes have not been paid? Does a tax lien attach itself to the certificate for delinquent taxes, either on intangible assets or gross receipts?"

In answer to the questions therein presented, we think it only necessary to say that personal liability for taxes exists only against those against whom the taxes are lawfully assessed, and a subsequent purchaser does not become personally liable therefor. This is the holding of the case of City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S.W. 416 (1911). To the same effect are Broocks v. State, 41 S.W.2d 714 (Tex. Civ. App. 1931); Slaughter v. City of Dallas, 101 Tex. 315, 107 S.W. 48 (1908). The law does not fix a lien against the operator's certificate to secure the payment of delinquent intangible taxes or gross receipts taxes. But a lien does attach upon all the property of the taxpayer as provided in Article 7083, V.C.S., and a subsequent purchaser would take such property subject to the lien provided in said Article of the statute.

In Acts 1941, 47th Legislature, chapter 184, known as the Omnibus Tax Law, there was included as Article 21, and incorporated as Article 7083b, V.C.S., the following general provision:

197

Hon. Robert S. Calvert, Page 7 (V-1010)

"All taxes, fines, penalties, and interest . . . due
. . . to the State of Texas, by virtue of this Act, shall
be a preferred lien, first and prior to any and all other
existing liens, contract or statutory, legal or equitable,
and regardless of the time such liens originated, upon
all the property of any individual, firm, association,
joint stock company, syndicate, copartnership, corpo
ration, agency, trustee, or receiver. This lien shall be
cumulative, and in addition to the liens for taxes, fines,
penalties, and interest now provided by law, and shall
attach as of the date such tax or taxes are due and pay-
able."

The Omnibus Tax Bill amended the intangible tax law
by including motor bus companies, common carrier motor carriers,
and specialized motor carriers. The foregoing lien provision would,
therefore, apply for intangible taxes assessed against motor bus
companies, common carrier motor carriers, and specialized mo-
tor carriers; and it would likewise apply for gross receipts tax un-
der Article 7066b, V.C.S., where liability attaches under the condi-
tions we have set out above. Therefore, a subsequent sale of any
property that had become subject to the lien provided by the fore-
going statute would not operate to extinguish the lien, and a subse-
quent purchaser would take such property subject to the lien, but
would not be personally liable for the tax.

SUMMARY

A taxpayer may become subject to a tax on intan-
gible assets as provided in Articles 7105-7116, V.C.S.,
and to gross receipts tax as provided in Article 7066b,
V.C.S., for the same year or years and for the same
time if he fails to pay the intangible tax before it be-
comes delinquent as provided in Article 7116, V.C.S.
Under such circumstances credit may not be allowed
against the gross receipts tax for the delinquent intan-
gible tax when paid. The Tax Collector is authorized
to collect the intangible tax where a taxpayer has also
become liable to pay a gross receipts tax. A subsequent
purchaser is not personally liable for taxes of his pre-
decessor in title, and no liens exist against the certifi-
cate of a bus or motor carrier to secure the payment
of either intangible taxes or gross receipts taxes. But

a lien does attach upon all property of the taxpayer as provided in Article 7083b, V.C.S., and a subsequent purchaser would take such property subject to the lien provided in said Article of the statute.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By   L. P. Lollar

L. P. Lollar
Assistant

W. V. Geppert
Taxation Division

Price Daniel
Attorney General

LPL/mwb