**LOWER NUECES RIVER WATER SUPPLY DISTRICT, Appellant,**

**v.**

**LIVE OAK COUNTY, Texas, Appellee.**

**No. 13352.**

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1958.

Rehearing Denied May 7, 1958.

Wood, Pratt & Boykin, Corpus Christi, Reese D. Wade, Beeville, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellant.

Dan Moody, Austin, Harry J. Schulz, Three Rivers, W. L. Hardwick, George West, for appellee.

## PER CURIAM.

This is an appeal from an interlocutory order of the District Court of Live Oak County granting to appellee, Live Oak County, a temporary writ of injunction, pending final hearing and determination of the cause on its merits, enjoining and restraining the appellant, Lower Nueces River Water Supply District, its officers, agents, employees and contractors from closing the remaining openings in the Wesley E. Seale Dam across the Nueces River, and from doing any other act or thing that would have the effect of inundating any portion of the Lagarto bridge and Lagarto road crossing the Nueces River. The principal object of the suit is to compel the District to construct or pay for the construction of a high level bridge at the location of the Lagarto road over the water reservoir to be created by the dam. Accordingly, the effect of the trial court's order is not only to enjoin the District from closing openings in the dam and from impounding water in the reservoir pending final decision in the appellate courts after trial on the merits in the trial court, but

so to enjoin the District unless and until it constructs or causes to be constructed, at a minimum cost of about $750,000, a high level bridge or causeway over the reservoir to be created by such dam. The high level bridge and its approach structures would be approximately two and one-half miles in length, and would require between eighteen months and two years to complete.

The Lagarto bridge and road in question are located near the upper reaches of the present Lake Corpus Christi. The road, speaking generally, extends from a point on State Highway 9, across the Nueces River to the farm community of Lagarto. The Lagarto road in question is a caliche road, maintained by the County. The facilities for crossing the Nueces River itself and arms of the present Lake Corpus Christi on the Lagarto road consist of a steel trestle bridge over the main channel of the river and approaches, and two wooden bridges or structures over arms of the lake. The annual average 24-hour traffic volume over the Lagarto bridge is 170 vehicles. The road serves the sparsely populated Lagarto farm and ranch community on the west side of the Nueces River, and accommodates those persons who want to pass from east to west over the Lagarto road to Lagarto or from Lagarto to the east. There is a proposed Baptist Encampment ground, which when completed will also be served by this road.

Should the Lagarto bridge be removed and portions of the Lagarto road inundated by the closing of the dam, the people residing in the Lagarto community will in no sense be isolated or deprived of reasonable access to all points. An alternate route has been provided by the recent construction of Farm-to-Market Road 2287, which is a paved highway leading south from Lagarto to a point on U. S. Highway 359, southwest of Sandia. In going from Lagarto to Mathis by way of this road, ten or fifteen minutes more would be required than by way of the Lagarto road. Road 2287 was constructed by the State Highway Department, Live Oak County furnishing the right-of-way, for the purpose of giving the people of Lagarto a means of reaching Highway 9 and other points east, if and when the old Lagarto road was closed. The Water District has offered to cooperate with Live Oak County in providing additional alternate routes along the west side of the reservoir, but it has declined to cooperate.

The Wesley E. Seale Dam is an $18,000,000 project and is now approaching completion. There is evidence in the record to the effect that if the openings in the dam are not closed the entire structure would be subject to great damage by a flood of the Nueces River, caused by heavy rains in its watershed. The Dam has been under construction since 1955, and the parties hereto have realized that when completed the Lagarto road would be inundated. The Water District has heretofore asked the Commissioners' Court of Live Oak County to remove the Lagarto bridge at the Water District's expense, or to allow the District to remove such bridge. If this bridge is not removed it will interfere with the operation of the reservoir and will be a threat to the Dam.

The Water District is asking that the temporary injunction be dissolved and that the Commissioners' Court of Live Oak County be ordered forthwith to remove the Lagarto bridge and approaches and wooden structures, or, in the alternative, that appellee be enjoined from interfering with appellant from doing so.

Appellant predicates this appeal upon several points, but we pretermit discussion of these points in detail. It is the main contention of appellant that, under the provisions of Article 7585, Vernon's Ann. Civ.Stats., and under the facts in this case, it became and it is now the duty of the Commissioners' Court of Live Oak County to change the road and remove the bridge structures which the evidence shows to be

upon the ground necessary for the reservoir or lake.

On the other hand, appellee contends that the action of the Commissioners' Court and the rights of the parties in this case are controlled by the provisions of Article 6703, Revised Civil Statutes of Texas, concerning the establishment, maintenance, discontinuance and alteration of county roads; and that appellee has the right to require the construction of a high road or causeway, above the proposed water level, upon the present route of said road, or to require appellant to pay in advance the cost of such construction, which appellee alleges to be not less than $677,000.

We agree with appellant's contention.

■ Appellant has the power and authority to construct the dam and reservoir here in question, and to acquire all properties and facilities necessary or incidental thereto. Lower Nueces River Water Supply Dist. v. Cartwright, Tex.Civ.App., 274 S.W.2d 199.

For more than two years appellee has had knowledge that the reservoir created by the new dam would inundate the Lagarto bridge structures and a portion of the Lagarto road, and that the road would have to be changed and the bridge structures removed.

Article 7585, supra, provides:

"All persons, associations of persons, corporations, and water improvement or irrigation districts shall have the right to run along or across all roads and highways necessary in the construction of their work, and shall at all such crossings construct and maintain necessary bridges, culverts, or siphons, and shall not impair the uses of such road or highways; provided, that if any public road or highway or public bridge shall be upon the ground necessary for the dam site, reservoir, or lake, it shall be the duty of the commissioners' court to change said road and

to remove such bridge that the same may not interfere with the construction of the proposed dam, reservoir, or lake; provided, further, that the expense of making such change shall be paid by the person, association of persons, corporation, water improvement or irrigation district desiring to construct such dam, lake or reservoir."

■ Under the above quoted provisions of the statute, the appellee was charged with notice that it was its duty to remove said bridge structures and change said road. In September, 1957, appellant advised appellee that it was necessary to remove said bridge structures and tendered its willingness to pay the cost of such removal and to cooperate with appellee in the selection and construction of an alternate and changed road.

Article 6703, Vernon's Ann.Civil Statutes, provides:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. No part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued; and no entire first or second class road shall be discontinued except upon vacation or non-use for a period of three years. * * *"

Appellee contends that under the provisions of Article 6703, supra, its authority is limited and that the Lagarto road cannot be changed except to shorten the distance from end to end, and that under the circumstances it has the authority to require the

construction of an elevated road or causeway over the lake in the same location, as a condition precedent to the removal of the bridge structures. We do not find it necessary to consider the matter of the location of the changed route, as we are here concerned only with the respective rights, authority and duties of the parties in connection with this injunction proceeding.

The provisions of Article 6703, supra, relate to changes and alterations of roads generally and of the authority of the Commissioners' Court in connection therewith, and it is obvious that the provisions of Article 7585 are at variance with those provisions. The evidence is undisputed that the bridge structures and a portion of the Lagarto road are upon the ground necessary for the reservoir in question. Therefore, if the specific provisions of Article 7585 are controlling over the general provisions of Article 6703, then it is the mandatory duty of the Commissioners' Court to change the road and remove the bridge structures, as the evidence that the bridge structures will constitute a serious interference with the reservoir and a dangerous hazard to the dam, it also undisputed.

In 39 Tex.Jur. 212, Statutes, § 114, it is said:

"General and Particular Provisions. —In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso removing something from the operation of the general law."

See also, Dolan v. Walker, 121 Tex. 361, 49 S.W.2d 695; City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S.W. 416; Harris County Drainage District No. 12 v. City of Houston, Tex.Com.App., 35 S.W.2d 118.

■ It is noted that the last amendment of Article 6703, supra, was enacted in 1889, whereas, Article 7585 was enacted in 1917. Thus it is apparent that Article 7585 was intended as a limitation upon and restriction of the provisions of Article 6703, and controls such provisions as are in conflict with the later enactment.

In the case of Fry v. Jackson, 264 S.W. 612, the Fort Worth Court of Civil Appeals had before it the specific question involved here. In that case the construction of a dam on Elm Fork of the Trinity River and the consequent impounding of water would inundate several miles of State Highway No. 39. The plaintiffs contended, relying upon Article 6703, just as appellee does here, that the Commissioners' Court of Denton County did not have the right, power or authority to change the course of the highway to be submerged. They further contended that neither the Commissioners' Court, the City of Dallas, nor the State Highway Commissioners had the power or authority to submerge said highway. The Court of Civil Appeals, after citing and reviewing authorities, held that the provisions of Article 6703 had been modified by the provisions of Article 7585, and that under the provisions of Article 7585 it was the duty of the Commissioners' Court to alter and/or change the course of the highway in question, which was to be submerged by the water reservoir for the City of Dallas, and specifically held that the City of Dallas had the express power to take or submerge that part of the highway necessary for the contemplated reservoir.

■ We note that under the provisions of Article 7585 the expense of making such change in the road shall be paid by the appellant District, but this does not authorize appellee to demand that payment be made

in advance, as a condition precedent to the right of appellant to construct its dam, lake and reservoir and thereby submerge said road.

 Roads and bridges of the State, although constructed by a County, are property of the State and not the County. Robbins v. Limestone County, 114 Tex. 345, 354, 268 S.W. 915; State v. Malone, Tex.Civ. App., 168 S.W.2d 292. The State, through the Legislature, has the power to limit the power and authority of the County over the roads within the County, and also had the power to authorize the inundation of the road in question.

We conclude, as a matter of law, under the facts in this case, that appellant has the right to construct said dam and reservoir and to inundate said road, and that it is the duty of the Commissioners' Court of Live Oak County to remove said bridge structures.

Furthermore, a balancing of the equities of the parties requires that the injunction be dissolved. If the closing of the gates of the new dam be greatly delayed serious deterioration to the dam and its foundation will in all probability occur. During such delay hundreds of thousands of people, vital installations, and important industries will be deprived of a dependable and adequate water supply. If the gates be closed and Lagarto bridge inundated by the water of the new reservoir, a high level bridge, if ordered, may still be constructed after such inundation, at a comparatively slight additional cost, and, in the interim, only a comparatively few people will be inconvenienced by being required to travel a few more miles to reach points east of the reservoir. 24-A Tex.Jur. pp. 102–106, §§ 58, 59.

Accordingly, the order granting the temporary injunction will be reversed, set aside and dissolved.

Appellant's request for either a mandamus requiring appellee to remove the bridge on Lagarto road, or an injunction restraining an enjoining appellee from interfering with appellant's removal of such bridge, will not be granted at this time, as we believe there will be no further difficulties between the parties after our judgment herein becomes final.