

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

*WW-1337a*

*Overrules WW1337*

December 27, 1962

*Overruled by*
*C-22*

Honorable William A. Harrison
Commissioner of Insurance
Austin, Texas

Opinion No. WW-1337-A

Re: Authority of the Insurance
Department to issue original
or renewal local agents'
licenses to firms or part-
nerships composed partly
of individuals who do not
qualify by examination as
local recording agents and
who are not actively en-
gaged in writing insurance.

Dear Mr. Harrison:

You have requested that this office reconsider its
opinion WW-1337 which involves the following questions, which
we quote from your letter:

"1. Is this Department authorized to issue either
an original or renewal of local recording agent's license
to a firm or partnership if such firm or partnership is
composed partly of individuals who qualify as local
recording agents and partly of individuals who do not
qualify and who are not active in the writing of insurance
business? In answering this question, assume that all
of the persons interested in such firm are partners.

"2. If your answer to question No. 1 is in the nega-
tive, is this Department authorized to issue either an
original or renewal of local recording agent's license to
a firm or partnership if such firm or partnership is
composed partly of individuals who qualify as local
recording agents and partly of individuals who have an
interest only in the profits of such firm and have no voice
or authority in the operation of such firm? (i.e. the
surviving widow of a partner with such widow's interest
limited by the partnership agreement to an interest only
in the profits of the firm with the surviving partners
to have full authority in its operation).

"3.   If your answer to question No. 1 or question No. 2 is in the affirmative, I request your opinion as to whether or not this Department should require all persons named in the license to meet the requirements of Section 6 of Article 21.14 (pertaining to written examination) before issuing such license."

These questions are directed specifically to the provisions of Article 21.14 of the Texas Insurance Code, the relevant portions of which read as follows:

"  . . .

"Sec. 3.   Application for License; To Whom License May be Issued; Corporations Not to Be Licensed.--When any person or firm shall desire to engage in business as a local recording agent for an insurance company or insurance carrier, he shall make application for a license to the Board of Insurance Commissioners, in such form as the Board may require, which application shall require a signed endorsement by General or State or Special Agent of a qualified insurance company or insurance carrier that applicant is a resident of Texas, trustworthy, of good character and good reputation, and is worthy of a license. The Board is authorized to issue licenses to firms or to individuals engaging as partners in the insurance business, provided the names of all persons interested in such firm are named in the license, and each named as active in the business of the partnership qualify, and it be established that none not active have interest in partnership principally to have written and be compensated therefor for insurance on property controlled through ownership, mortgage or sale, family relationship, or employment; and provided further, that all licensed agents must be residents of Texas . . . . The Board shall not issue a license to a corporation.

"Sec. 4.   Acting Without License Forbidden.--It shall be unlawful for any person or firm or partnership to act as a local recording agent or solicitor in procuring business for any insurance company, corporation, interinsurance exchange, mutual, reciprocal, association, Lloyds or other insurance carrier, until he shall have in force the license provided for herein.

"Sec. 5. Active Agents or Solicitors Only to Be Licensed.--No license shall be granted to any person, firm or partnership, either as a local recording agent or solicitor, for the purpose of writing any form of insurance, unless it is found by the Board of Insurance Commissioners that such person or firm is, or intends to be, actively engaged in the soliciting or writing of insurance from the public generally; that each person or individual of a firm is a resident of Texas, of good character and good reputation, worthy of a license, and is to be actively engaged in good faith in the business of insurance, and that application is not being made in order to evade the laws against rebating and discrimination either for the applicant or for some other person. Nothing herein contained shall prohibit his insuring his own property or properties in which he has an interest; but it is the intent of this section to prohibit coercion of insurance and to preserve to each citizen the right to choose his own agent or insurance carrier, and to prohibit the licensing of an individual or firm to engage in the insurance business principally to handle business which he controls only through ownership, mortgage or sale, family relationship or employment,....

"Sec. 6. Examination Required; Exceptions.--If applicant for a local recording agent's license has not prior to date of such application, been licensed as a local recording agent, or if the applicant for a solicitor's license has not been licensed as a local recording agent or as a solicitor prior to date of such application, the Board of Insurance Commissioners shall require such applicant to submit to a written examination covering all kinds of insurance or contracts, which license if granted, will permit the application to solicit. Any applicant for local recording agent's license who has prior to the date of such application been licensed as a local recording agent, shall be entitled to a local recording agent's license without examination, provided the other requirements of this article are met. Any applicant for solicitor's license who has been licensed as a local recording agent or as a solicitor prior to date of such application, shall be entitled to a solicitor's license without an examination, provided the other requirements of this article are met."

You have informed us that at various times there have been different and conflicting administrative constructions of this statute by the Insurance Commission. One construction attempted to harmonize the provisions of the section. For a long period

of time, the administrative construction was that the provisions were in direct conflict and the exception was ignored, and everyone participating in an insurance agency was required to have a license.

In considering your first question, it is apparent that we are faced with a matter of statutory construction, as there appears to be a basic repugnancy in the provisions of Section 3 and Section 5. The language of Section 3 authorized the Board to issue licenses to firms or to individuals engaging as partners in the insurance business and, by inference at least, indicates that some of the members of the partnership may be active and others not active if it be ". . . established that none not active have interest in partnership principally to have written and be compensated therefor for insurance on property controlled through ownership, . . ." On the other hand, Section 5 specifically provides that no licenses shall be granted to any person, firm or partnership unless the Board of Insurance Commissioners first finds that " . . . such person or firm is, or intends to be, actively engaged in the soliciting or writing of insurance from the public generally; that each person or individual of a firm is a resident of Texas, of good character and good reputation, worthy of a license, and is to be actively engaged in good faith in the business of insurance, . . ."

We are aware that a fundamental rule of statutory construction requires that a statute be construed as a whole and that all of its parts be harmonized, if possible, so as to give effect to the entire act according to the evident intention of the Legislature. 39 Tex. Jur. 209, Sec. 113. In the instant case, however, we do not believe that the general and somewhat ambiguous language of Section 3 can be harmonized with the plain and specific provisions of Section 5. Under such circumstances it is an equally fundamental rule of statutory construction that in case of a conflict between a general provision and a special provision dealing with the same subject, or between general language and specific language, the special or specific provision will control. 39 Tex. Jr. 212, Sec. 114; City of San Antonio v. Toepperwein, 104 Tex. 43, 133 SW 416.

One of the specific purposes of this act, as expressed in Section 5, is to prohibit the licensing of an individual to engage in the insurance business principally to handle business which he controls through ownership, mortgage or sale, family relationship or employment. If we construe Section 3 as creating an exception for those partners who are not active, the contradictory effect of such construction would result in the statute providing, in effect, that no license shall be granted to a firm unless all members are active, except in a case where

one or more members are inactive. The previously quoted
specific language of Section 5, that each person or individual of
a firm is to be actively engaged in the business of insurance,
would thereby be nullified and one of the central purposes of
the statute would thereby be frustrated.

As previously suggested, the language in Section 3 that
might be construed as authorizing inactive members of a partner-
ship and as exempting them from the licensing requirements of
Article 21.14 is somewhat ambiguous. We think the provision in
Section 3 providing that the names of all persons interested in
the firm be named in the license, and that "each named as active
in the business of the partnership qualify" means nothing more
than that there shall be no hidden or silent partners and that
each person who is named as a partner shall qualify as an
insurance agent under the licensing requirements of Article 21.14.
The language providing that it must be established "that none not
active have interest in partnership principally to have written
and be compensated therefor for insurance on property controlled
through ownership, mortgage or sale, family relationship, or
employment" does pose more difficulty. Considering the overall
purposes of this statute, we believe the true meaning of this
language is simply that it must be established that there are
no inactive persons in the partnership principally to write
controlled business.

As previously indicated, we believe that the clear and
specific language of Section 5 must control and that the general
and ambiguous language of Section 3 must yield in the event of
a conflict. This construction of the statute is strengthened
by the fact that Article 21.14 contains specific exceptions from
the licensing requirements in Section 2 and Section 20, and speci-
fic exceptions from the examination requirements in Section 6
and 6a. Had the Legislature intended to authorize inactive part-
ners and exempt them from either the licensing or examination
requirements, it is only logical that it would have done so
clearly and explicitly as in the case of the other exceptions.

While not controlling of the conclusions we have reached,
there are certain questions that might arise under a contrary
construction of this statute. For example, Article 21.11
prohibits any agent from paying, directly or indirectly, any
commission to any person or firm not duly licensed by the board
as an insurance agent. Would an active duly licensed partner
violate this provision by sharing his profits with an inactive
non-licensed partner, or in other words, is this indirectly
paying a commission to a person not duly licensed?

Additionally, this Office in Opinions No. O-2453 and O-2453A issued in 1940, concluded that limited partnerships were prohibited from engaging in the business of insurance agents in this State. This ruling was based on the provision of Article 6110, V.C.S., which prohibits a limited partnership from carrying on any banking or insurance business, and this same provision is contained in the Texas Uniform Limited Partnership Act. Article 6132a, Section 4. A so-called "inactive" partner could thus not be a limited partner but would be a general partner, who ordinarily is an agent of the partnership for the purpose of its business. In this situation, however, he would have no authority to act for the partnership in its insurance business.

For all of the forgoing reasons, we conclude that your first question should be answered in the negative.

Your second question asks, in effect, whether an exception could be made if the inactive partner has an interest only in the profits of such firm and has no voice or authority in the operation of the firm. We find no basis in the statutes for any such exception, and accordingly answer your second question in the negative.

Our answer to the first and second questions make an answer to your third question unnecessary.

Opinion No. WW-1337, as originally written, is therefore withdrawn and this opinion substituted therefor.

## S U M M A R Y

The provisions of Section 5 of Article 21.14 of the Texas Insurance Code prohibit the Insurance Department from issuing a local recording agent's license to a firm or partnership unless each individual or member of the partnership is to be actively engaged in good faith in the business of insurance and meets all of the other qualifications required for such license.

Sincerely yours,

WILL WILSON
Attorney General of Texas


By

Robert Flowers
Assistant

APPROVED:
OPINION COMMITTEE

Cecil Rotsch
Linward Shivers


REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore