McICiNNey, J.,
delivered the opinion of the court.
This bill was brought to enforce a mechanic’s lien, under the second section of the Act of 1846, ch. 118. It is manifest, however, from the complainant’s own showing, that no lien, in his favor, ever was created.
By the first section of the act, a lien is created in favor of the principal mechanic or undertaker, upon the lot of ground or tract of land on which, by special contract with the owner thereof, or his agent, the' former may have built, constructed or repaired, in whole or in part, or furnished materials, or toy part of the *533 materials, in tbe construction, building or repairing of any liouse, fixtures or improvements; wbicli lien shall continue for the term of one year after the work done or materials furnished.
By the second section, the benefit of such lien is extended to the journeymen workmen of such undertaker, or such other persons as may be employed by or under him, to do any part of the work, or furnish any of the materials; who shall be authorized to enforce such lien, in preference to said undertaker: Provided, notice in writing of said lien shall be first given to the owner or proprietor of said lot, tract of land, house or improvements, or to his agent, at the time said work is begun,- or materials furnished by said journeymen or other person.
By the latter section, the journeymen or other person, doing any part of the work, or furnishing any part of the materials, is substituted, pro tanto, to the rights of the undertaker in respect to this lien, provided notice be given as required. But, as the payment of the stipulated amount of money by the employer to the undertaker, in the absence of such notice, would discharge and put an end to the lien, it necessarily follows, that the neglect to give such notice or to take any step to fix the lien, until after payment of the full amount has been actually made by the employer to the undertaker, wholly defeats the right of such journeyman or other person. Upon such payment being made, the lien is extinguished, as to all persons, and for all purposes. The journeyman or other person, provided for in the second section, can afterwards look only to his immediate employer; and his relation to such employer is simply that of a general creditor; he stands upon no *534 otlier or higher ground than other creditors. The statute gives him no lien upon the money in the hands of the employer. The lien can exist only as against the owner of the property, not as against the undertaker. It is clear therefore, that inasmuch as the complainant failed to give the notice required or to take any step to fix the lien in his favor, until after payment of the entire price of the work by Franklin’s executors to the defendant, he has no equity entitling him to a preference over the other creditors of Crump’s estate. The allegation in the bill, that, by agreement with Crump, the complainant was to have a lien upon the money, (if effect could be given to it, if proved,) is wholly unsupported by evidence.
This case is wholly different from that of Henley vs. Crump’s ad’mr. and Franklin’s ex’rs., decided at a former term of this court. In the latter case, the bill was filed before payment had been made by Franklin’s executors to the defendant. The executors of Franklin were parties to the bill, and the fund had been enjoined in their hands; and it was held, that as the object of the notice required by the second section of the act, was merely to secure the employer against the hazard of being compelled to pay the money twice; and that forasmuch as Franklin’s executors, who still had the money in their hands, could not possibly be prejudiced by the omission of Henley to give the notice required; and having no interest whatever in the question whether the money should pass into the hands of complainant, Iienley, or to the administrator of Crump, they could not, merely on the ground of want of notice, resist the relief sought by the bill; neither could Crump or his personal representative, defeat *535 the complainant’s equity on that ground, as the notice required by the statute was a matter with which he had nothing to do.
That case, and the case now under consideration, proceed upon the same principle, and are perfectly consistent with each other. In the former case, the complainant took sufficient measures to fix his lien T)efore, the fund passed from the hands of Eranklin’s executors to the defendant. In the present case, the complainant neglected to take any measure to establish a lien in his favor until after payment of the money to the defendant, whereby his equity was wholly lost.
The decree will be affirmed.