

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 27, 1960

Honorable Cecil M. Pruett
County Attorney
Hutchinson County
526 Weatherly
Borger, Texas

Opinion No. WW-953

Re: (1) Satisfaction of a tax judgment based upon taxes assessed against personal property by execution upon and sale of other personal property belonging to same owner and within the statutory exemption from forced sale.

(2) Authorization of tax collector and officers serving Writs of Execution to levy upon, seize and sell certain assessed personal property within statutory exemption from forced sale.

Dear Mr. Pruett:

As your recent letter requests our opinion upon two questions as above referenced, we shall consider them in turn. The first part of your letter reads as follows:

"The collection of delinquent ad valorem taxes levied upon automobiles has become an issue of concern both to the citizens of this community and to the taxing units involved. There are certain questions which, when answered, may provide a feasible and economical basis for the solution to the problem encountered in connection with this matter.

"The taxing unit involved is an independent school district and the situation which exists is that many of the citizens no longer own the automobile upon which the tax was levied. Judgments are being taken against the persons by whom the tax is owed, which judgment includes a foreclosure of the tax lien upon the particular automobile involved.

"CAN AN EXECUTION ON A TAX JUDGMENT BASED UPON TAXES ASSESSED AGAINST PERSONAL PROPERTY

BE SATISFIED THROUGH THE EXECUTION UPON AND SALE
OF PERSONAL PROPERTY NOT ASSESSED AS SUCH, BE-
LONGING TO THE SAME OWNER, AND WITHIN THE EXEMP-
TION FROM FORCED SALE UNDER THE HOMESTEAD LAWS?"

We answer this question in the negative.

Concerning protection of property from forced sale, the
Texas Constitution by Art. 16, sec. 49, conferred a power and a
duty upon the Legislature as follows:

"The Legislature shall have power and it
shall be its duty, to protect by law from
forced sale a certain portion of the personal
property of all heads of families, and also
of unmarried adults, male and female."

In partial execution of this provision, the Legislature
specified certain personal property as exempt, by Article 3832,
R.C.S., which we quote in part:

"The following property shall be reserved
to every family, exempt from attachment or
execution and every other species of forced
sale for the payment of debts, except as here-
inafter provided:

"1. The homestead of the family.

"

"10. One carriage or buggy."

The term "carriage" as used in Art. 3832 has been defined
to include an automobile. Parker v. Sweet, 127 S.W. 881 (Tex.
Civ. App. 1910); Lahing v. Langford Inv. Co., 36 S.W. 2d 1079
(Tex. Civ. App. 1931).

In the case of a tax claim, an apparent conflict exists
between this exemption statute and Art. 7272, R.C.S., the perti-
nent part of which is as follows:

"All real and personal property held or
owned by any person in this State shall be
liable for all State and County Taxes due by
the owner thereof, including tax on real estate,
personal property and poll tax; and the Tax
Collector shall levy on any personal or real
property to be found in his county to satisfy
all delinquent taxes, any law to the contrary
notwithstanding; . . . . . . ."

Arts. 7273 and 7274 provide for sales of personal property.[1] We have found no authorities either in Texas or in any other jurisdiction discussing the precise question you ask. As pointed out in an annotation at 159 A.L.R. 461 there is a distinction between exempting property from taxation and exempting it from seizure and sale to satisfy a judgment for taxes. The general rule is that an exemption of property from taxation does not impliedly exempt it from seizure and sale to satisfy taxes validly levied upon other property or upon the person owning the tax-exempt property. Id at p. 464. This is the rule in Texas. Ring v. Williams, 35 S.W. 733 (Tex. Civ. App. 1896). However, statutes exempting property from forced sale, such as Art. 3832, have been accorded uniformly liberal constructions in order to effectuate their purposes, as contemplated by the Constitution. See Smith v. McBryde, 173 S.W. 234 (Tex. Civ. App. 1915); Rodgers v. Ferguson, 32 Tex. 533 (1870). Had the Legislature intended to remove the protection from seizure and forced sale afforded by Art. 3832 in the case of a tax debt, it would certainly have used specific language so indicating. In the absence of such language, we see no basis for reading in such an exception.[2]

The second part of your letter reads as follows:

"In SHUGART VS. NOCONA INDEPENDENT SCHOOL DISTRICT, 288 S.W. 2d 243 on Page 246, the Fort Worth Court of Civil Appeals states, 'In particular,

---

[1] In 1929 the 41st Legislature, by an act codified as Art. 7328a, R.C.S., impliedly repealed conflicting parts of Arts. 7272 to 7283 authorizing summary sales of real property for collection of delinquent taxes. Duncan v. Gabler, 215 S.W. 2d 155 (Tex. Civ. App. 1948); Amaimo v. Carter, 212 S.W. 2d 950 (Tex. Civ. App. 1948, err. ref. n.r.e.). Apparently the provisions of these Articles dealing with personal property were unaffected. See Shugart v. Nocona Independent School District, 288 S.W. 2d 243 (Tex. Civ. App. 1956).

[2] As further substantiation of this opinion, it is pointed out that the last amendment of Art. 7272 was by Act of the 42nd Leg. in 1931 (p. 237, ch. 141, sec. 1), whereas Article 3832 was amended to its present form in 1935 by the 44th Legislature (p. 384, ch. 145, sec. 1), thereby constituting it the latest legislative expression upon the matter. 39 Tex. Jur. Statutes, sec. 74.

the tax collector can levy upon and seize and
sell any personal property of the tax debtor,
applying the proceeds of the sale upon the debtor's
tax indebtedness, secured or not by a tax lien.'

"My   second question relates to this state-
ment.

"ARE BOTH THE TAX COLLECTOR AND OFFICERS
SERVING WRITS AUTHORIZED TO LEVY UPON AND SEIZE
AND SELL SUCH PERSONAL PROPERTY WHEN SUCH PER-
SONAL PROPERTY IS WITHIN THE EXCEPTIONS FROM
FORCED SALE ALLOWED BY HOMESTEAD LAWS?"

We also answer this question in the negative.

The Shugart case involved no question of exemption of
property under homestead laws.  There, non-exempt personal prop-
erty of the plaintiff was seized by the school district, which
was the taxing authority, and its tax assessor-collector to
satisfy a tax which had been levied upon plaintiff's oil and gas
lease, while a foreclosure suit was pending.

As pointed out above, personal property within the ex-
emption from forced sale provided by Art. 3832 is not subject
to seizure and sale for a tax debt.  Therefore, a specific,
enforceable lien against the property assessed would be required
to subject it to seizure and sale.

In the case of real property, a lien is specifically
given for taxes due thereon.  Art. 8, sec. 15, Constitution of
Texas; Art. 7172, R.C.S.  Under these provisions the homestead
of a family may be sold for taxes due thereon, notwithstanding
its exemption from forced sale provided by Art. 16, sec. 50 of
the Texas Constitution.  City of San Antonio v. Toepperwein, 104
Tex. 43, 133 S.W. 416 (1911).  However, there is no general lien
upon personal property for taxes due thereon.  See In re Brannon,
62 F. 2d 959 (C.C.A. Tex. 1933).[3]   Except for specific situations,
a taxing authority has only the right to sell after judgment on
an ordinary writ of execution, the levy of which will create a
lien.  Maro Co., Inc. v. State, 168 S.W. 2d 510 (Tex. Civ. App.
1943, err. ref.);  40 Tex. Jur. Taxation, sec. 146.

---

[3]
There are tax liens created on personalty in specific situa-
tions.  See Arts. 7048 and 7269; In re Brannon, supra.

Art. 1060, R.C.S., provides that taxes levied by a city "shall be a lien upon the property upon which they are assessed" and gives the assessor and collector power "to levy upon any personal property to satisfy" such taxes. There is, therefore, a lien upon specific personal property which has been assessed for city taxes. See City of Lubbock v. South Plains Hardware Co., 111 S.W. 2d 343 (Tex. Civ. App. 1937). It was determined in Mission Independent School District v. Armstrong, 222 S.W. 201 (Tex. Com. App. 1920) that the provisions of this article were adopted by reference and made available to independent school districts by Art. 2853, R.C.S., 1911 (now Art. 2758, R.C.S.),[4] which then read as follows:

> "'The trustees elected in accordance with the preceding article shall be vested with full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns.'"

However, in 1927 this Article was amended by the 40th Leg. (p. 353, ch. 238, sec. 2) so as to remove the quoted language carried forward from the old Art. 2853 (R.C.S. 1911), which adopted by reference the provisions of Art. 1060, and upon which the Mission I.S.D. decision was based. It therefore appears that the only lien upon specific personal property assessed by a school district was legislated out of existence. Until the Legislature sees fit to provide a method for fixing a tax lien upon personal property which is exempt from forced sale, no method exists for enforcing the tax against such property.

---

[4]

See 37-B Tex. Jur. Schools, sec. 157

## SUMMARY

An independent school district's personal property tax assessment upon property which is exempt from forced sale under Art. 3832, R.C.S., even when reduced to judgment, carries with it no enforceable lien upon the specific property assessed and may not be enforced by seizure and sale of that property or exempt property which replaces it.

Yours very truly,

WILL WILSON
Attorney General of Texas

By s/James R. Irion
        James R. Irion
        Assistant

JRI:cm:wc

APPROVED:

OPINION COMMITTEE:
W.V. Geppert, Chairman

Robert Walls
Bob Eric Shannon
W.E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore